(8 Misc. Rep. 465.)

### BRADY et al. v. SMITH et al.

(Superior Court of New York City, General Term.   May 7, 1894.)

1. CONTRACTS—VALIDITY—CERTAINTY.
   An agreement "to give all moneys and personal property I may be possessed of in the United States" to plaintiff is not void for uncertainty.

2. SAME—CONSIDERATION.
   An agreement by plaintiff to board, nurse, clothe, and furnish medical attendance to a person, while he lives, and bury him when he dies, is a valuable consideration for a promise by such person to give all his property to plaintiff at his death.

Appeal from special term.

Action by Thomas Brady and another against Joseph B. Smith, as administrator, and others. There was a judgment in favor of plaintiffs, and defendants appeal. Affirmed.

Argued before SEDGWICK, C. J., and McADAM, J.

Herbert Kettell and J. Edward Swanstrom, for appellants.

Robert J. Mahon, for respondents.

SEDGWICK, C. J. Bernard Smith made on August 12, 1892, the following instrument:

"I, Bernard Smith, agree to give all moneys and personal property I may be possessed of in the United States to Thomas Brady and his wife, Mary E. Brady, after my death. It is, anyway, more than $4,500."

Thomas Brady and his wife, who are the plaintiffs here, signed the following:

"Contract between Bernard Smith and Thomas Brady and Mary E. Brady, his wife, all of the same residence, No. 227 East 47th street, New York City: I, Thomas Brady, agree to board, nurse, clothe, and furnish medical attendance to Bernard Smith while he lives, and bury him in Calvary Cemetery with his brother Patrick Smith, deceased."

Bernard Smith died about a year afterwards. His administrator and 10 nephews and nieces are made defendants. The complaint asked for a specific performance of the agreement. His administrator did not appear.

As ground for dismissing the complaint, the counsel for the defendants who appeared asked the court to find that the agreement was unconscionable, and that the same was procured from the deceased by the plaintiffs by means of fraud and undue influence. The court has found, upon a state of evidence that did not call upon him to find otherwise, that the plaintiffs were not guilty of fraud, and did not exercise undue influence actually or by construction. It was also found that Bernard Smith was in his right mind when he signed the paper and accepted the paper signed by the plaintiffs. There did not appear any circumstance which might make the contract unconscionable or unreasonable. Indeed, the 10 nephews and nieces had no claim upon the deceased or upon the property in question. If he chose to make the gift, he exercised a right which cannot be gainsaid. There is no reason to believe that the defendants were in particular dear to him, or that he cared to favor them. He, like other uncles, might think that he preferred to give the whole to one, rather than scatter it among many. At any rate, if the contract was valid, and any criticism of his conduct or condition does not reach the point of showing that he was not in law bound by it, it must be enforced. As the judge found, the deceased, at the time of signing the agreement, was not mentally incapable of comprehending the nature of said contract. There was a valuable consideration, and not merely a nominal one. It was adequate if he was satisfied with it, for the contract is to be tested by the rules of law that pertain to contracts.

I am of opinion that the agreement was not void for uncertainty. It is a common expression of contracts and wills that "all shall be,

or is, given." This expression has at its foundation an uncertainty as to whether an enumeration or description, if made, would fulfill the actual intention of the grantor or testator, but the matter is made certain by using the word "all." Uncertainty is not created by the donor's reserving the right to dispose of any of his estate before his death, for a result follows which has the characteristic of certainty, as much as if there had been no right to convey. A man will have the power to convey his property, although he may have executed a will which leaves to a specific person all his personal property, and the will will not be void for uncertainty. In Jackson v. Delancey, 4 Cow. 427, Judge Cowen said:

"The premises in question are not designated by the deed except under the general description of 'all my estate.' Such a description has been adjudged insufficient in a sheriff's deed, but the same consideration does not apply as between individuals."

The learned judge found that it was the intention of the parties that Bernard Smith should not part with his property in his lifetime. This position might be contested, perhaps. It is not necessary to examine it particularly. Whichever is correct, the judgment must be sustained if otherwise without error.

It was objected that plaintiffs had an adequate remedy at law in an action to recover damages, and the action should have been so brought. The defendants did not take, in their answer, any position of this kind, or allude to it, but did demand judgment that the agreement should be declared null and void, and that the same be ordered up to be canceled.

A witness placed upon the stand to show the condition of Bernard Smith's mind was asked if Bernard Smith had told him that he had had a sunstroke. This would have brought out hearsay testimony, and was properly disallowed. The plaintiffs were not bound by the declaration sought. The same witness was also asked if, from conversations with Bernard Smith, and from his acts, "would you say he was in his right mind." The conversation or the acts had not been given in evidence, and the witness' attention was not confined to the apparent rationality or irrationality of Smith at the time. He was asked to make a general inference, from conversation and acts, as to Smith's being in his right mind. It was not competent for the witness, not an expert, to express an opinion as to the general soundness of the mind of Smith. Hewlett v. Wood, 55 N. Y. 636. Judgment affirmed, with costs.