GARARD ET AL. v. YEAGER, ADMINISTRATOR.

[No. 18,740.   Filed February 23, 1900.]

CONTRACTS.—*Annuities.*—A stipulation in a contract to pay the owner of a life interest in real estate a certain annuity therefor to bequeath "all of such annuity which shall not be used for her support and maintenance during her lifetime" clearly indicates the intention of the parties, and is not void for uncertainty of description of what was to be bequeathed.   p. 258.

SAME.—*Bequests.—Consideration.—Annuities.*—An agreement to pay an annuity for the use of real estate during the life of the owner was a sufficient consideration for a contract to bequeath the unused portion of the annuity.   pp. 258, 259.

SAME.—*Waiver of Conditions.*—One does not waive any right given by contract, unless, with a full knowledge of all of the material facts, he does or forbears the doing of something inconsistent with the right, or his intention to rely upon it.   p. 259.

From the Madison Circuit Court.   *Reversed.*

*J. A. Roberts, M. Vestal, D. W. Wood* and *W. S. Ellis,* for appellants.

*Kirkpatrick, Morrison & McReynolds, Stevenson, Shirts & Ferlig, Kittinger, Reardon & Diven* and *Fertig* and *Alexander,* for appellee.

MONKS, J.—This action was brought by appellee against appellants to reform a mortgage on real estate executed by appellants, by correcting a mistake in the amount secured thereby, to foreclose the same, and to recover a judgment for the indebtedness secured by said mortgage.

Appellants filed an answer in five paragraphs, and a cross-complaint in two paragraphs. Appellee filed an answer to said cross-complaint in two paragraphs. Appellants' demurrer to the second paragraph of said answer was overruled. After issues were joined the case was tried by the court, and a finding made, and judgment rendered in favor of appellee.

The errors assigned call in question the action of the court in overruling appellants' demurrer to the second paragraph of appellee's answer to the cross-complaint. In the second paragraph of said cross-complaint, it is averred that "in 1874 Frances Coffman (formerly Frances Spurlin) was the owner of a life estate in certain real estate in Shelby county, Indiana; that about said year the appellant, Tunis Garard, entered into a written agreement, by the terms of which he agreed to pay said Frances Spurlin an annuity of $25, and also furnish her a home as one of the family of said Tunis, and board her during her lifetime, or, if said Frances should desire to make her home elsewhere than in the family of said Tunis, then the said Tunis should pay her an annuity for her maintenance and support, in the sum of $125, for such time as she did not make her home in the family of said Tunis. In consideration of which it was further provided in said agreement that said Tunis should have the use and benefit of such life estate in said land, and that said Frances Spurlin should give and devise to said Tunis Garard all of said annuity not used by said Frances for her support and maintenance during her lifetime; that in pursuance to said agreement said Tunis took possession of said real estate, and received the income thereof, and said Frances made her home with him as one of his family from the year 1874 until the year 1879, and that said Tunis fully paid said annuity during that time; that in the year 1879 said Frances married one Henry Coffman, and from that time ceased to make her home with said Tunis. A copy of said written agreement cannot be filed herewith, nor be more fully set out, for the reason that the same has been accidentally

destroyed, and cannot be found. Afterwards the said Tunis and wife, then owning the fee in said land upon which said Frances formerly held said life estate, conveyed the same to one Patterson, and the said Frances and her said husband at the time also executed their conveyance, conveying all their interest in said land to said Patterson; that shortly afterwards said Tunis purchased land in Hamilton county, Indiana, and, to secure the payment to said Frances of such annuity, executed a mortgage to her, his said wife joining therein, securing the payment to said Frances of such annuity; being the same mortgage set out in the second paragraph of complaint, dated March 30, 1881; that said Tunis continued to pay such annuity of $125, or so much thereof as requested by the said Frances; that from the year 1880 until the year 1894 the accumulated surplus of such annuity not used by said Frances, amounted to the sum of $1,068; that during the said year 1894 said Tunis executed to said Frances, as evidence of the amount of such unpaid annuities, his promissory note in said sum, which said note is the one sued on, and set out in the complaint; that on the 2nd day of June, 1894,—the said Frances having before that time entered a release of the mortgage executed to her in 1881,—said appellant executed another mortgage to said Frances securing the payment of said annuity as the same became due; said mortgage being the one set out in the first paragraph of the complaint; that said Frances Coffman died intestate in the month of October, 1896, leaving sufficient other property than the indebtedness sued on to pay all the indebtedness against her estate; that all the indebtedness sued on in this action is the unused part of such annuity so agreed to be paid by said Tunis under said written agreement, and said Frances died without giving or devising the same to appellants; that appellee, as administrator of said estate, has been, since his appointment, claiming and holding said indebtedness as a part of the estate of said Frances. Said decedent and her administrator have refused to comply

with the terms of said written contract, and appellants have fully complied with their part thereof; that, by reason of the non-performance of said written contract on the part of said Frances, appellants have been damaged in the sum of $2,000." Prayer for relief.

It is alleged in the second paragraph of answer to said cross-complaint "that, prior to the year 1880, said Frances sold her life estate in said eighty acres of real estate to said Tunis Garard, in consideration of which he agreed to pay her the sum of $125 annually, on the 1st day of March of each year, so long as the said Frances should live; that said Frances Coffman and her husband received no consideration whatever from said Patterson for the conveyance to him of said real estate in Shelby county, but that the entire consideration therefor passed to said Tunis Garard; that appellants ought not to recover on either paragraph of said cross-complaint, and the alleged contract therein referred to, for the reason that on March 30, 1881, appellants executed to Frances E. Coffman a mortgage on the real estate therein described, to secure said Frances the payment of such annuity or annual payment to be paid on account of the sale of such life estate, in which mortgage appellants entered into an absolute agreement to pay such sum of $125 annually to said Frances, on the 1st day of March of each year, so long as she might live, which mortgage [after setting forth the description of the real estate in Hamilton county, Indiana,] is in the words and figures following: 'To secure the payment when the same shall become due of a pension or allowance hereby declared due said Frances Coffman of the sum of $125 annually, said amount to be paid the said Frances Coffman on the 1st day of March of each year so long as she lives and at her death said payments to stop, and the mortgage to be void. And the mortgagors expressly agree to pay the sum of money above secured without relief from valuation or appraisement laws.' That on April 14, 1894, said Tunis Garard, being desirous of pro-

curing a loan of $6,000 on said real estate and other land,
entered into an agreement with said Frances Coffman by
the terms of which he agreed that in consideration that she
would release said mortgage so that he could execute a mort-
gage on said real estate to secure said loan of $6,000, which
would be superior to her mortgage, he would execute to her
a new mortgage to secure the same 'debt and obligation
which was then secured by the mortgage held by her, there
being then due thereon the sum of $1,068; that, pursuant
to said agreement, said Frances did execute a written release
of said mortgage, and afterwards, on June 2, 1894, appel-
lants executed to said Frances a mortgage [a copy of which
mortgage is set out] in the words and figures following:  'To
secure the payment of $125 per annum to be paid the said
Frances Coffman on the 1st day of March, 1895, and the
same sum annually on the 1st day of March of each year
thereafter, during the life of Frances Coffman, and at her
death this mortgage to be null and void, and the mortgagors
expressly agree to pay the sum of money above secured
without relief from valuation or appraisement laws.'  That
in the execution of said mortgage appellants and said Fran-
ces, the mortgagee, intended that the same should secure
the entire amount that was due under the terms of the mort-
gage so released, as well as the sum of $125 annually to be
paid on the 1st day of March each year so long as said
Frances should live, but through the mutual mistake of all
parties to said mortgage, as well as the scrivener who wrote
the same, no reference was made to the amount then due
under the terms of the mortgage so released; that, on the
22nd day of June 1894, said Tunis Garard executed a prom-
issory note to said Frances for the $1,068, as evidence of the
amount then due under the terms of said mortgage so re-
leased as aforesaid, payable twelve months after date, with
eight per cent. interest from date and attorney's fees waiv-
ing valuation and appraisement laws; that there was no
reference or mention in either of said mortgages, or said

note, to the contract alleged in the cross-complaint; that appellants have· never accounted to or paid said Frances Coffman, or any one in her behalf, the amount of such annuity, or any part thereof, except by the execution to her · of said note and mortgage as herein set out. Wherefore appellee says that appellants, by the execution of said mortgages and note, waived the said alleged written agreement referred to in said cross-complaint, and are estopped from . recovering on the same, or enforcing the same in this action."

It is insisted by appellee that the agreement to devise contained in the cross-complaint was void for uncertainty as to the amount. It is true that the amount of said annuity, if any, that would not be used by said Frances for her maintenance and support, was not known when said agreement was made, and the amount was uncertain, but the expression in said contract, "all of such annuity which shall not be used for her support and maintenance during her lifetime" is certain, and the word "all" clearly indicates the intention of the parties. If Frances Coffman had, in compliance with her contract, bequeathed the unused part of said.annuity in said language, it would have been a sufficient description thereof. *Brady* v. *Smith*, 8 Misc. 465, 28 N. Y. Supp. 776; *Roehl* v. *Haumesser*, 114 Ind. 311, 314, 315; 1 Beach on Cont. §81, p. 107; 29 Am. & Eng. Ency. of Law, 359. The language used by the parties in making said contract, concerning what was to be bequeathed to appellants, furnished the means of identification, which is all the law requires. Said contract is not void, therefore, on account of the description of what was to be bequeathed. *Roehl* v. *Haumesser, supra.*

Appellee next insists that the agreement to bequeath was not supported by any consideration whatever. It was alleged in the cross-complaint that the annuity which appellants were to pay was the consideration for said life estate, and the agreement on the part of Frances Coffman to be-

queath all the annuity not used for her support and mainte-
nance.   It is not material whether or not the life estate was
worth as much or more than the annuity.   The parties were
capable of contracting, and, having determined the adequacy
of the consideration, the contract to make the bequest can-
not be avoided in the absence of fraud or mistake.   The con-
sideration was valuable and sufficient.    6 Am. & Eng.
Ency. of Law (2nd ed.), 677, 678, 694, 703, 704; *Caviness
v. Rushton*, 101 Ind. 500, 51 Am. Rep. 759.   Neither can
we concur in appellee's contention that appellants waived
the contract of Frances Coffman to make said bequest by the
execution of the mortgage in 1881, and the note and mort-
gage in 1894.   A person does not waive any right given by
contract, unless, with a full knowledge of all the material
facts, he does, or forbears the doing of, something incon-
sistent with the right, or his intention to rely upon it.    28
Am. & Eng. Ency. of Law, 526, 527; Bishop on Cont.   (Ed.
1887), §792; *Bucklen* v. *Johnson*, 19 Ind. App. 406, 419,
420.   There was nothing in the mortgage executed by
appellants in 1881, or the promise to pay the sums of money
secured, contained therein, or in the mortgage executed in
1894, and the promise to pay the sums of money secured,
contained therein, or in the promissory note for $1,068 for
past due annuities executed by Tunis Garard in said year,
inconsistent with the agreement of said Frances to make
said bequest, or that released her from its performance.
They all can stand without conflict.   Said Frances could
as well make a bequest of all the annuity not used
for her support and maintenace, if the same was evi-
denced by said note and the promises contained in said
mortgages, as she could if it was evidenced only by the
promise in the written agreement of 1874, or the same
had been paid, and was cash unexpended in her hands.   Her
contract to make said bequest did depend upon whether the
unused part of said annuity had been paid to her, and was
held in cash, or was loaned to some one, or was evidenced

by the note and mortgage of appellants. The unused part of said annuity under said agreement was to be bequeathed to appellants, whether the same at her death was cash in her hands, or in bank, or had been loaned to some third party, or was unpaid, and evidenced by notes and mortgages, or only by the promise of appellants contained in the agreement of 1874. The agreement of appellant to pay said annuity was not upon condition that said Frances first execute a will making said bequest, but his agreement was to pay the same annually, without any condition whatever, either in cash, or by furnishing said Frances a home in his family, and the remainder in cash. The contract of said Frances only required her to make such bequest so as to be effective after her death. This she could do by the execution of a proper will at any time before her death. It is evident, therefore, that *Evansville, etc., R. Co.* v. *Dunn,* 17 Ind. 603, and cases of that class cited by appellee, are not in point here. Moreover, each of said mortgages expressly provides that it shall be void at the death of said Frances, the mortgagee. Said paragraph of answer was not in effect an argumentative general denial, nor was it sufficient as an answer in confession and avoidance. It is evident that the court erred in overruling appellants' demurrer to said second paragraph of answer to the cross-complaint. The presumption is that said error was prejudicial to appellants, and there is nothing in the record showing that the same was harmless. Judgment reversed, with instructions to sustain the demurrer to said second paragraph of answer to the cross-complaint, and for further proceedings not inconsistent with this opinion.