LAURA RASH *v.* EQUITABLE TRUST COMPANY, a corporation of the State of Delaware, Executor of the Estate of Sarah E. Saxton, deceased.

(*December* 1, 1931.)

HARRINGTON and RICHARDS, J. J., sitting.

*Henry R. Isaacs* for plaintiff.

*William S. Potter* (of Ward and Gray) for defendant.

Superior Court for New Castle County, Action of Assumpsit, No. 152, January Term, 1931.

HARRINGTON, J., charging the jury:

The real question in this case is, not whether the plaintiff was adequately paid for boarding and caring for Mrs. Saxton, but whether there was an oral contract between them whereby Mrs. Saxton in return for the board and care to be given her by Mrs. Rash was legally bound to bequeath to Mrs. Rash, at her death, the entire balance· or residue of her estate.

It is not contended that there was any lack of mutuality of obligation in the contract relied on by the plaintiff; and it may be that no such contention could be successfully made. At any rate, being no such contention, this Court is not called upon to consider that question.[1]

Technically defined, a contract is an agreement upon a sufficient consideration to do or not to do a particular thing. If, therefore, it was mutually and definitely agreed between Mrs. Saxton and the plaintiff that, in return

---

[1] That there is sufficient mutuality of obligation to make such a contract binding, see, however, *Howe v. Watson*, 179 *Mass.* 30, 60 *N. E.* 415; *Garard v. Yeager, Adm'r*, 154 *Ind.* 253, 56 *N. E.* 237; and *Peterborough Savings Bank v. Hartshorn*, 67 *N. H.* 156, 33 *A.* 729. See, also, *Day v. Washburn*, 76 *N. H.* 203, 81 *A.* 474; *Johnson v. Hubbell*, 10 *N. J. Eq.* 332, 66 *Am. Dec.* 773; *Wright's Estate*, 155 *Pa.* 64, 25 *A.* 877; *Jenkins v. Stetson*, 9 *Allen* (*Mass.*) 128; 1 *Schouler on Wills* (*5th Ed.*), § 453; 1 *Paige on Wills*, § 105; 40 *Cyc.* 1063.

As to whether, and, if so, to what extent, there can be a recovery on the common counts where services have been performed because of a contract to devise real estate, but which contract was not in writing, and, therefore, did not comply with the statute of frauds, see *Watson v. Watson*, 1 *Houst.* 209; *Heitz v. Sayers*, 2 *W. W. Harr.* (32 *Del.*) 207, 216, 219, 121 *A.* 225. See, also, *Jack v. McKee*, 9 *Pa.* 235; *Willist. on Contr.*, § 488; *Elliott on Contr.*, § 2220.

for boarding and caring for her, during the remainder of her life, Mrs. Saxton was not only to pay the plaintiff $15.00 per week board, but if by such agreement, at the death of Mrs. Saxton, Mrs. Rash was also to have the entire balance or residue of her estate, that would amount to a contract to bequeath such balance or residue of her estate to Mrs. Rash, by will.

If, however, Mrs. Saxton in appreciation of the care given her by Mrs. Rash merely expressed a purpose or intent to bequeath the residue of her estate to Mrs. Rash, at her death, and did not definitely and specifically agree to do so, as a part of the consideration for being boarded and cared for by Mrs. Rash, she would not be bound to carry out any such expressed intent; and her executor would not be liable in damages, though she failed to make a will to that effect. *Van Horn v. Demarest,* 76 *N. J. Eq.* 386, 77 *A.* 354; *Cromwell v. Simons (C. C. A.),* 280 *F.* 663.

But, whether there was a contract in this case, as claimed by the plaintiff, or whether the words attributed to Mrs. Saxton, if made, were mere expressions of a purpose or intent which she was not bound to carry out, as claimed by the defendant, are questions of fact for you to determine from the evidence.

As we have already repeatedly stated, the plaintiff's declaration is based entirely on the existence of a contract with Mrs. Saxton, and her case must, therefore, stand wholly on proof of the making of such a contract.

In the language of *Walls' Appeal,* 111 *Pa.* 460, 5 *A.* 220, 224, 56 *Am. Rep.* 288, perhaps we might state that "claims of this nature against dead men's estates, resting entirely in parol, based largely upon loose declarations * * * and when the lips of the party principally interested are closed in death, require the closest and most careful scrutiny to prevent injustice being done." See, also, *Reynolds v. Williams,* 282 *Pa.* 148, 127 *A.* 473; *Van Horn v. Demarest,* 76 *N. J. Eq.* 386, 77 *A.* 354.

(The Court here charged on the preponderance of the evidence).

Whether your verdict shall be for the plaintiff or for the defendant, is for you to determine from the evidence produced before you, when applied to the law as we have stated it to you.

If, however, you believe that there was a contract between Mrs. Saxton and the plaintiff, whereby the plaintiff was to board and care for Mrs. Saxton during the remainder of her life, and Mrs. Saxton was in return to pay her $15.00 per week and was also to bequeath her the residue of her estate, your verdict should be for the plaintiff, though Mrs. Saxton lived at the plaintiff's house only a few months before her death.

But, if you believe that Mrs. Saxton never made any such contract with the plaintiff, and that any statements made by her, if any were made, were merely statements of a purpose or intention to make a will in Mrs. Rash's favor, your verdict should be for the defendant.

If your verdict should be for the plaintiff, it should be for the entire balance of Mrs. Saxton's personal estate, which is conceded to be, at least, $4,150.44.

If your verdict should be for the defendant, it should merely be, "we find for the defendant."