# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

JEREMY LUCAS and
WILSA COKER,

      Plaintiffs/Appellants,

v.

LARY J. STEPHENS and
INITRA W. STEPHENS,

      Defendants/Appellees.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. CPU4-16-001271

## MEMORANDUM OPINION AND ORDER

Charles S. Knothe, Esq.
3316 Silverside Road
Wilmington, DE 19810
*Attorney for Appellants*

Lary & Initra Stephens
32 Grissom Drive
Bear, DE 19701
*Pro se Appellees*

**RENNIE, J.**

This is an appeal from the Justice of the Peace Court involving an alleged breach of contract. Trial was conducted on March 1, 2017, and the Court reserved its decision. This is the Court's Final Order after consideration of the pleadings, and oral and documentary evidence submitted at trial.

On July 29, 2013, Appellants Jeremy Lucas and Wilsa Coker and Appellees Lary and Initra Stephens signed an Agreement of Sale for 526 Deer Run, Bear DE 19701 ("the Property").[1] Appellees paid a non-refundable deposit of $2,500 to purchase the Property. However, because Appellees were unable to acquire a mortgage, an addendum—indicating that Appellees would make monthly rental payments until they could acquire a mortgage on or before July 30, 2014—was signed by the parties and attached to the Agreement of Sale. Neither party disputes that the amended Agreement of Sale constitutes a valid contract.[2]

Appellees decided not to purchase the Property, and, they contend that thereafter, the contract reverted to a month-to-month lease.[3] Appellants' witness, real estate agent Sherrill Fulton, testified that the amended Agreement of Sale is a "lease purchase agreement." She insisted that the parties never entered into a rental agreement and that the $2,500.00 deposit served as a penalty if there was a default, rather than an option to purchase.[4] Despite Ms. Fulton's apparent understanding, Appellees' monthly payments were not applied to the purchase price, and no transfer of ownership occurred at the end of the lease.

---

[1] Plaintiffs' Exhibit 1; Defendants' Exhibit 3.

[2] Delaware law defines a contract "as an agreement upon sufficient consideration to do or not to do a particular thing." *Howlett v. Zawora*, 2012 WL 1205103, at *2 (Del. Com. Pl. Mar. 30, 2012) (citing *Rash v. Equitable Trust Co.*, 159 A. 839, 840 (Del. Super. 1931)).

[3] Neither party argued that a landlord-tenant relationship did not exist. *See Stickney v. Goldstein*, 2002 WL 31999358 at *10 (Del. Com. Pl. Mar. 14, 2002) (examine intent of parties to determine whether a landlord-tenant relationship existed).

[4] The Delaware Code defines "rental agreement" to "include all agreements, written or oral, which establish or modify the terms, conditions, rules, regulations or any other provisions concerning the use and occupancy of a rental unit." 25 *Del. C.* § 5141(24).

While the contract is labeled "Agreement of Sale," it was contingent on Appellees acquiring a mortgage and intended to function as an option contract.[5] It is clear that the contract is actually a two-year lease agreement with a $2,500.00 non-refundable option to purchase the Property, on or before July 30, 2014, during the landlord-tenant relationship.[6] When Appellees decided not to purchase the Property, the lease resumed on a month-to-month basis.[7] This interpretation is supported by a plain reading of the contract. And, because the contract is a residential lease agreement, the Landlord-Tenant Code of Title 25 applies.[8]

Appellants seek $7,169.00 in unpaid rent, $573.74 for an unpaid water bill, $250.00 for the removal of a refrigerator, and $7,500.00 for damage to the Property beyond normal wear and tear. After weighing the appropriate evidence and witness credibility, this Court finds that Appellants proved by a preponderance of the evidence that they are entitled to $5,883.50 in unpaid rent.[9]

As set forth in the contract, Appellees were required to pay $1,250.00 in rent each month. Appellees signed the contract on July 29, 2013 and moved into the Property in August 2013.[10] Presuming that Appellees resided at the Property for the full two years and paid on time, they would have paid $30,000.00 in rent from August 2013 to August 2015. Beginning on December 4, 2013, however, Appellees' payments became sporadic and often late, as several personal

---

[5] *See Gibbs v. Piper*, 153 A. 674, 676-77 (Del. 1930) (quoting *Stelson v. Haigler*, 165 P. 265, 268 (Colo. 1917)) (lack of contractual language requiring the party to purchase the property implies an option contract).

[6] *See Brace Indus. Contracting, Inc. v. Peterson Enters., Inc.*, 2016 WL 6426398, at *6 (Del. Ch. Oct. 31, 2016) (quoting *Salamone v. Gorman*, 106 A.3d 354, 367-68 (Del. 2014)) (internal quotation marks omitted). Options are often non-refundable. *See Lewes Inv. Co. v. Estate of Graves*, 2013 WL 508486, at *1 (Del. Ch. Feb. 12, 2013).

[7] *See Brandywine River Props., LLC v. Maffett*, 2007 WL 4327780, at *1 (Del. Ch. Dec. 5, 2007).

[8] *See* 25 *Del. C.* § 5101; *see also Brown v. Robyn Realty Co.*, 367 A.2d 183, 190 (Del. Super. 1976) (landlord tenant code applies to "subsequent rental agreements").

[9] To prevail on a claim for breach of contract, the plaintiff must establish by a preponderance of the evidence that: (1) a contract existed between the parties; (2) the defendant breached his obligation imposed by the contract, and (3) plaintiff suffered damages as a result of the defendant's breach. *See VLIW Technology, LLC v. Hewlett-Packard, Co.*, 840 A.2d 606, 612 (Del. 2003).

[10] Plaintiffs' Exhibit 1 and 2; Defendants' Exhibit 3.

3

checks were returned for insufficient funds.[11] Appellees left the Property on September 21, 2015, but failed to give Appellants sixty days' written notice as required by 25 *Del. C.* § 5106(d). Appellants assert that they are owed $7,196.00 in overdue rent, which includes rent from September 2015 to November 2015 for Appellees' failure to notify. Based on the evidence adduced at trial, the Court finds that Appellants have proven that Appellees breached the contract by failing to make all of the required rental payments for the period of December 2013 to November 2015.[12] Appellees are thus liable for $5,883.50 in unpaid rent.[13]

Appellants have failed to prove by a preponderance of the evidence that Appellees owed $573.74 for an unpaid water bill, $250.00 for the removal of a refrigerator, and $7,500.00 for damage to the Property beyond normal wear and tear. First, Appellants failed to support their assertion that the refrigerator was part of the Property or that it was removed. The contract, which was submitted into evidence by both parties, does not indicate that the refrigerator is included property under the lease.[14] Second, the Court is unpersuaded by the cursory testimony regarding the water bill because it is unclear whether the charged amount was solely the result of Appellees' usage.[15]

---

[11] Appellants provided the Court with a spreadsheet which details the overdue rent and amounts that Appellees ultimately paid. Appellants also submitted corresponding checks and bank notifications to support the spreadsheet. Plaintiffs' Exhibit 3 and supplemental letter. Appellees did not submit any evidence to refute Appellants' claim that Appellees failed to pay the outstanding rent.

[12] Appellants' spreadsheet expressly documents Appellees' payment troubles beginning in December 2013. On redirect, Appellant Coker testified that Appellees' payments were impeccable prior to December 2013. Likewise, in closing, Appellants' counsel reiterated that prior to December 2013 "every payment was made." Hence, the Court analyzed the Appellants' request for overdue rent by looking solely to the time period from December 2013 through November 2015. This amounts to 23 months at a monthly payment of $1,250.00, which results in a total of $28,750.00. From this total, the Court subtracted the $22,804.00 paid by Appellants during the December 2013 to November 2015 period, resulting in $5,946.00 overdue rent. The Court then subtracted $62.50 from $5,946.00 because the spreadsheet incorrectly lists March 30, 2015 check #205 as only conveying $1,250.00 in funds versus its stated amount of $1,312.50.

[13] While Appellants' Complaint sought "rental arrearages and late fees," their spreadsheet calculation does not include such fees nor was there any testimony at trial to support damages for late fees or arrearages.

[14] Ms. Fulton testified that the first agreement Appellee-Lary Stephens signed indicated that the refrigerator was included; however, this agreement was not submitted into evidence.

[15] Plaintiffs' Exhibit 4.

4

Third, testimony detailing the house's property damage was sparse, the photographs submitted into evidence were grainy and dark, and testimony regarding who damaged the Property was insufficient to meet the preponderance burden.[16] Additionally, even assuming that Appellees materially breached the lease agreement under 25 *Del. C.* § 5503, Appellants failed to notify Appellees of the breach and allow them an opportunity to fix the damage as required under 25 *Del. C.* § 5513.[17] Therefore, Appellants have failed to meet the preponderance burden concerning the water bill, refrigerator, and property damage.

For the foregoing reasons, the Court hereby enters judgment and award of $5,883.50, plus pre- and post-judgment interest at the legal interest rate of 5.75% according to 6 *Del. C.* § 2301, *et seq.*

**IT IS SO ORDERED** this 26th day of April, 2017.

Sheldon K. Rennie,
Judge

---

[16] Plaintiffs' Exhibit 5. The October 25, 2015 contractor estimate, which Appellants submitted into evidence to support their $7,500.00 damage request, includes unperformed repairs and alleged repairs that Appellants failed to mention at trial. Plaintiffs' Exhibit 6. An exterminator invoice was also submitted into evidence, but there was no testimony at trial to support their requested damage amount. Plaintiffs' Exhibit 7.

[17] Moreover, to the extent Appellants are seeking reimbursement for repainting, they are not entitled to reimbursement because repainting is normal wear and tear. *See Stoltz Mgmt. Co. v. Consumer Affairs Bd.*, 616 A.2d 1205, 1208-10 (Del. 1992) (landlord's lease provision which required a redecorating fee violated the Landlord-tenant code as defendant was charging for normal wear and tear).