# Zimmerman v. Baltimore & Ohio Railroad Company, Appellant.

*Contract—Implied contract—Defenses—Settlement of suit against another party—Evidence—Res adjudicata.*

1. In an action against a railroad company to recover the price of 2,662 railroad ties, it appeared that the plaintiff had placed a large quantity of railroad ties, motor ties and saw-timber on his land along the line of the right of way of a branch of defendant company's railroad, and that during the construction of said branch line 2,662 of plaintiff's railroad ties, together with a quantity of motor ties and saw-timber, had disappeared. The plaintiff brought suit against the company employed in constructing the branch line, and at the trial of that case the defendant confessed judgment in open court for $450, which amount was accepted by the plaintiff in full satisfaction of his judgment. At the trial of the present case the court allowed the plaintiff to introduce evidence showing that he accepted such sum because he had previously learned that the railroad ties included in the action against the contracting company had been taken by and for the use of the present defendant company, and were then in

the tracks of the said defendant company, and that the settlement and confession of judgment were for the motor ties and saw-timber only, although no formal withdrawal of the claim for railroad ties from that action had been placed upon the record. *Held,* no error.

*Evidence—Rejection of evidence—Immaterial evidence—Primary proof—Testimony as to matter in books not produced.*

2. In an action against a railroad company to recover the price of ties alleged to have been converted by defendant company for use in the construction of a branch line in which it appeared that it was the duty of a clerk in defendant company's employ to keep account of the ties that went in the construction of such branch line, the testimony of such clerk as to what appeared on the books of the defendant company relative to the amount of ties used, from whom purchased, when purchased and when shipped, was properly excluded as immaterial and as not being primary proof of the matter sought to be established, where no offer of the books was made.

Argued October 10, 1913. Appeal, No. 93, Oct. T., 1913, by defendant, from judgment of C. P. Somerset Co., February T., 1912, No. 17, on verdict for the plaintiff in the case of D. B. Zimmerman v. Baltimore & Ohio Railroad Company, Operator and Lessee of the Quemahoning Branch Railroad. Before Brown, Potter, Elkin, Stewart and Moschzisker, JJ. Affirmed.

Assumpsit for the price of railroad ties. Before Ruppel, P. J.

At the trial it appeared that the Baltimore & Ohio Railroad Company in 1907 and 1908 built the Quemahoning Branch Railroad, one of its feeders in Somerset County, Pennsylvania. It contracted with the Chesapeake Contracting Company for grading the road, putting down the ties and rails, the Baltimore & Ohio Railroad Company to furnish all the ties. The plaintiff, D. B. Zimmerman, had a large number of railroad ties, motor ties, and a quantity of sawed timber along the line of the right of way of this Branch Railroad on two of his farms.

The contracting company took and used, without bargain or sale and without the knowledge of Zimmerman, the motor ties, the sawed timber, and a few of the railroad ties.

During the construction of the road 2,662 of plaintiff's railroad ties also disappeared, having been taken from his land without his knowledge.

After the completion of the railroad, the plaintiff, learning that the construction company had been taking his lumber and ties, brought suit against it, September 23, 1908, to recover his loss of 2,662 railroad ties, valued at $1,597.20; 3,332 motor ties, valued at $333.20; 1,300 feet of saw-timber, valued at $12.00. Issue was joined and the case called for trial May 12, 1910, when the defendant, the contracting company, confessed judgment in open court for $425.00, which was accepted by plaintiff in full of his demand. This sum was paid to the plaintiff in satisfaction of his judgment.

December 8, 1911, plaintiff brought the present suit against the Baltimore & Ohio Railroad Company to recover damages for the 2,662 railroad ties alleged to have been appropriated and used by it.

On the trial, after defendant had put in evidence the record of the case against the contracting company, the court permitted plaintiff to prove that the claim for damages for the 2,662 railroad ties was withdrawn from and not adjudicated in the action against the contracting company, and that the settlement and confession of judgment in that case were based exclusively upon the claim for the taking of the motor ties and the saw-timber, although no formal withdrawal of the claim for the railroad ties from that action was placed upon the record.

Evidence to prove this was introduced, and further, proofs that plaintiff's railroad ties were carried, and in some instances, hauled to the tracks of the Branch Railroad and placed thereon, that they were afterwards

identified by peculiar marks and characteristics and counted in place.

Defendant's witness, L. T. Walraven, being on the stand and having testified that he was a clerk in the office of Paul Didier, principal assistant engineer of the B. & O. and in charge of the construction of the Quemahoning Branch Railroad in Somerset County, and that it was his duty to keep account of the ties that went into that work, and that he kept the true account thereof, the following offer and ruling occurred:

"By Mr. Ogle: We now make the same offer to prove by the witness on the stand that he is the chief clerk of the engineer who was in control and under whom the part of the Quemahoning Branch Railroad in question was constructed, and under whom the ties furnished for said road were supplied, and that the witness kept the account of the said ties, from whom they were purchased, when they were purchased, and when they were shipped to the work in Somerset County, and further to prove the number of ties purchased in Somerset County adjacent to the work and the number of ties that were shipped away from the work to the company's depot at Dennison and Mt. Braddock, and the number of ties actually used in the construction of said piece of road for which the Chesapeake Contracting Company had the contract for the Baltimore & Ohio Railroad Company."

By the Court: I understand, Mr. Ogle, that this witness is to testify simply to what appears on the books of the defendant company at Pittsburgh, and not in regard to any personal knowledge of the matter. This witness has no personal knowledge of any of this transaction except what appears on the books at Pittsburgh.

By Mr. Kooser: We object to this offer for the following reasons:

1st. Irrelevant and immaterial, and even if admitted is not primary proof to the matter sought to be established.

By the Court: Objection sustained, evidence excluded and bill sealed to defendant.

Verdict and judgment for plaintiff for $1,845.74 and judgment thereon. Defendant appealed.

*Errors assigned* were the above rulings on evidence, quoting bill of exceptions.

*J. G. Ogle,* for appellant.

*Edmund E. Kiernan, Francis J. Kooser* and *Ernest O. Kooser,* for appellee, were not heard.

PER CURIAM, November 7, 1913:

Nothing appears in the assignments of error calling for a re-submission to a jury of the questions of fact in this case. Judgment affirmed.