# Hirst's Estate.

*Decedents' estates—Claims against—Stale claim—Evidence—Burden of proof—Accounting—Trusts and trustees.*

1. Claims against a dead man's estate which might have been made against himself while living, are always subjects of just suspicion, and strict proof will be required to establish them.

2. Such a claim must be as definite and precise as is required to recover a debt in an action at law.

3. While formal pleadings are dispensed with, the claimant should produce evidence showing the nature and character of the debt, its origin, the terms of the contract, and the exact amount claimed to be due.

4. If the claim is in the nature of an accounting for a profit made in the purchase and sale of real estate, for the claimant, the burden of proof is on him to give an adequate description of the property, the purpose of the trust, and such details as to show the balance actually due on the accounting.

Argued March 21, 1922. Appeal, No. 278, Jan. T., 1922, by Walter W. Hess, claimant, from decree of O. C. Phila. Co., April T., 1921, No. 512, dismissing exceptions to adjudication, in estate of Charles S. Hirst, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication of GUMMEY, J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed in opinion by THOMPSON, J. Walter W. Hess, claimant, appealed.

*Error assigned,* among others, was decree. quoting it.

*George M. Henry,* for appellant, cited: McHugh v. McHugh, 186 Pa. 197; Hoffman v. Berwind-White Coal Co., 265 Pa. 476; Stewart's Est., 140 Pa. 124.

The fact that the party from whom an account is sought has since died and the claim is against his estate does not affect the burden of proof. If authority is needed for such a self-evident proposition it is found in Croushore's Est., 77 Pa. Superior Ct. 340; Stockwell v. Stockwell, 105 Atl. R. 30.

Parol agreement to purchase and resell property and account to claimant for proceeds created a valid trust: McBride v. Paper Co., 263 Pa. 345.

*Charles I. Cronin,* for appellee, cited as to stale claim: Gilbraith's Est., 270 Pa. 288; Donohoe's Est., 271 Pa. 554.

Cited as to accounting: Jackman v. Ringland, 4 W. & S. 149; Barnet v. Dougherty, 32 Pa. 371; Kellum v. Smith, 33 Pa. 158; Ashman's Est., 223 Pa. 543; Modern Baking Co. v. Orringer, 271 Pa. 156; Dollar Saving Bank v. Bennett, 76 Pa. 402; Phillips v. Hull, 101 Pa. 567; Bryan v. Douds, 213 Pa. 221.

OPINION BY MR. JUSTICE KEPHART, April 24, 1922:

Appellant's claim in the court below against the estate of Charles S. Hirst was based upon a supposed agreement whereby Hirst, to whom Hess was indebted, agreed to purchase a certain coal property in Clearfield County, Pa., with the understanding that, after purchasing the property, Hirst was to sell it, pay the indebtedness, and account to Hess for the balance of the

purchase price. Hess claims the property sold for $12,-000, and, after paying certain items totaling $8,500, a balance of $3,500 was due. Claimant's evidence is not sufficient to establish a trust; it is uncertain and indefinite, without adequate description of the property or the thing upon which the trust was supposed to operate; the purposes of the trust are not clearly outlined. Aside from this, however, it is a stale claim against an estate, and meets the objection expressed in Gilbraith's Est., 270 Pa. 288, 291, that " 'Claims against a dead man's estate, which might have been made against himself, while living, are always subjects of just suspicion, and our books, from Graham v. Graham, 34 Pa. 475, to Miller's Est., 136 Pa. 239, 249, are full of expressions by this court of the necessity of strict requirement of proof.' ......Experience has demonstrated not only the wisdom of these rules, but the necessity for even more strictly adhering to them, and we propose to use the light thus cast upon our pathway." See also Donohoe's Est., 271 Pa. 554, 558.

A claim against the estate of a decedent must be as definite and precise as is required to recover a debt in an action at law. While formal pleadings are dispensed with, the claimant should produce evidence showing the nature and character of the debt, its origin, the terms of the contract and the exact amount claimed to be due. In an action at law, he is required to show the net balance, and, in the claim presented against this estate, the amount due does not appear with the exactness required in proving claims of this character.

The sole witness in support of it is Ames, to whom a commission was paid for the sale; but his testimony is not only unsatisfactory as to showing any balance due, but is equally so as to showing the purchase price actually paid. He states what he sold the property for, but, as he was acting as agent, the figure at which the deal was actually consummated does not appear. The last of his testimony on the subject was that "the sale was

made pending a legal investigation of the papers here in town, and notes were taken covering a period of thirty months." Whether the deed was ever made, or the deal completed, does not appear. The witness admitted he did not know the amount of indebtedness against claimant; he speaks of a record in the office of a law firm in Philadelphia, but does not know whether these were all of the debts.

As the sale was subject to them, this claim was in the nature of a balance due on an accounting against a dead man's property; claimant thus assumed the burden of showing an account, and, as there may have been other debts or claims, he did not meet the burden he assumed.

We think the court below was amply warranted in refusing to allow the claim.

Decree affirmed; appellants for costs.