## Cruden Martin Mfg. Co. *v.* Turner, Appellant.

*Appeals—Question not raised in court below—Contract—Sales—Delivery.*

1. The appellate court will not consider a question as to the delivery of goods on an appeal in an action for goods sold and delivered, where no such question was raised at the trial, and it appears that the defense was based, not on absence of delivery, but on the theory that the goods were defective in quality.

*Sales — Contract — Cancellation — Evidence — Continuing deliveries—Failure to pay as goods were delivered—Agency—Authority to cancel contract.*

2. Where, in an action for goods sold and delivered, defendant claimed that plaintiff cancelled the contract as shown by the words "cancels contract" on a copy of an invoice attached to the statement of claim, he must show that the memorandum was brought to his attention before the agreement of sale had expired by lapse of time, and that he elected to accept such memorandum as a breach.

3. Where goods are sold to be delivered during a period of time, a refusal by the purchaser to pay for goods delivered, will justify the seller in refusing to ship additional goods.

4. It seems that there must be evidence of authority on part of the agent, to declare a contract ended, before his statement to that effect can be operative.

*Evidence—Books of account—Secondary evidence—Charge.*

5. Where books of account were not kept by a party defendant, but were in charge of a bookkeeper not produced as a witness, and the books are not produced, and the defendant testifies from vague recollection as to their contents, the trial judge commits no error in referring to such testimony as secondary to that of the books, if produced.

Argued April 14, 1925. Appeal, No. 113, Jan. T., 1925, by defendant, from judgment of C. P. Luzerne Co., June T., 1915, No. 487, on verdict for plaintiff, in case of Cruden Martin Manufacturing Co. v. C. S. Turner, trading as C. S. Turner Company. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before WOODWARD, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,240.29. Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*W. A. Valentine*, with him *P. F. O'Neill*, for appellant. —Plaintiff failed to establish that it had furnished and delivered the greater part of the goods sued for.

Defendant's offers of evidence to establish set-off and counterclaim were improperly excluded: Stewart v. Turner, 72 Pa. Superior Ct. 235; Pittsburgh Gauge Co. v. Vale Co., 184 Pa. 36.

The charge was an inadequate, improper and misleading presentation of defendant's case.

Defendant could not have established the replacement of bags in lieu of the ones found to be defective by the production of his books of account, even if he had had an account showing such transactions.

Books of original entry are evidence of work and labor performed and of goods sold and delivered.

*Frank P. Slattery,* for appellee.

OPINION BY MR. JUSTICE FRAZER, May 25, 1925:

Defendant agreed to purchase from plaintiff for a period of one year his "entire requirements of paper bags," designated by trade names, "to the exclusion of all other lines of bags." Pursuant to this agreement defendant ordered a carload of sacks for which he refused to pay, alleging the quality to be not as represented and for this reason his customers declined to pay for their purchases. Plaintiff sued to recover the contract price and on the trial a verdict was directed in its favor owing to unreasonable delay by defendant in notifying plaintiff of the alleged faulty condition of the bags. On appeal this court reversed the judgment holding the delay was not unreasonable as a matter of law and that the trial judge erroneously excluded evidence offered by defendant to show the goods were purchased for resale in original packages and no opportunity existed for inspection until the packages were opened by defendant's customers, and that within twelve days after such goods were received defendant notified plaintiff of the defects: 274 Pa. 425. The second trial also resulted in a verdict for plaintiff and a motion for new trial was dismissed and judgment entered on the verdict, from which order the present appeal followed.

Defendant argues plaintiff failed to prove delivery of the greater part of the goods for which suit was brought. However, no question was raised as to the delivery of the goods either in this or in the previous trial. The defense was defective bags, and that by reason of plain-

tiff's breach of contract defendant sustained damages which he clamed by way of set-off. Plaintiff omitted to offer in evidence the affidavit of defense showing an admission of delivery of the goods, but did offer a copy of the book entries, setting forth the sale, price and delivery, pursuant to a local rule of court which permitted the reading of such copy as a substitute for other evidence without further proof. This offer was objected to because the statement failed to give defendant proper credits; it was admitted for the purpose of showing sale and delivery. In addition to this we find ample evidence in the record to prove actual delivery of the goods. Defendant, on being called for cross-examination, admitted the bags arrived according to specifications so far as quantities were concerned and it was also admitted both by defendant and his counsel that the car containing the goods actually arrived March 9, 1915. Under the circumstances, the court below was justified in saying to the jury there was no dispute about the sale and delivery of the goods to defendant. In fact the entire theory of the defense was based, not on absence of delivery, but on the theory that the bags were defective in quality and that this defect was not and could not have been discovered until after the sacks were resold in their original packages and opened by defendant's customers.

Defendant also calls attention to the fact that in copies of the account attached to plaintiff's statement of claim there appears the heading "Cruden-Martin Woodenware Co." instead of "Cruden-Martin Mfg. Co.," and argues this indicates the goods were furnished by a third party and not by plaintiff. Inasmuch as there is no real dispute that the goods were sold by plaintiff to defendant and this was not denied by defendant while on the witness stand, the objection now raised is a mere technicality and without merit.

The contract between plaintiff and defendant bound the latter to purchase from the former all the paper bags

required in his business for a period of one year, on which purchases plaintiff agreed to give certain discounts "below the prevailing market." This action was brought to recover the price of goods shipped under the contract.

At the trial, defendant was permitted to show the orders he took for resale of bags and those cancelled by reason of alleged defects or which had been replaced by him for the same reason. Defendant offered to prove the loss of anticipated profits he would have made if the agreement had been in force for the full period of one year, on the theory that plaintiff wrongfully cancelled the contract. The court excluded this testimony and the ruling is assigned for error. The evidence relied upon to show cancellation by plaintiff consisted of proof that on the copy of an invoice, attached to plaintiff's statement of claim, there appear the words "cancels contract," together with a statement made by plaintiff's representative, sent to endeavor to adjust the dispute as to the carload of goods, to the effect that "we are through with you, contract and all, and I am going to sue right here." The first item of evidence tends to indicate the contract was to be treated as ended, but if defendant desired to rely on this memorandum as evidence of a breach by plaintiff he should have produced evidence that the memorandum was brought to his attention before the agreement, which was for only one year, expired by lapse of time, and that he elected to accept such memorandum as a breach. Standing alone, and without explanation, the memorandum was insufficient as proof of an anticipatory breach of contract.

As to the statement made by the agent, his authority was to negotiate with defendant for payment of the alleged defective carload of goods previously shipped. While the words used by him were susceptible of the construction placed upon them by defendant, the matter in discussion was the particular consignment and this had nothing to do with the contract itself, nor was there any evidence of authority on part of the agent to de-

clare the contract ended. The statements of the agent were called forth by the refusal of defendant to recognize his obligation to pay for the bags, and if plaintiff was correct in its contention that the sacks substantially complied with the terms of the contract, then plaintiff would be justified in refusing to ship additional goods if defendant failed to perform his part by paying for those already received. This question was left to the jury with instructions that, if they believed there was a complete failure to comply with the contract, plaintiff was not entitled to recover any portion of its claim, but that, if there was a substantial compliance by plaintiff with the order, there could be a verdict for plaintiff for the full amount of its claim or at least for such goods as were sold by defendant and the purchase price collected by him.

Inasmuch as the jury found in favor of plaintiff for all but a small portion of the account, they evidently concluded plaintiff substantially performed its contract and it would necessarily follow that defendant was in default in refusing to pay for any part of the shipment. Accordingly, the breach of contract, if any, was on the part of defendant and plaintiff might, had it chosen to do so, have elected to rescind. Under all the circumstances, it was not error to refuse to receive evidence of damages based on a breach by plaintiff.

Defendant further complains that the trial judge erred in referring in his charge to the testimony of defendant as secondary to that of his books, which he was unable to produce because, as testified by him, his records were not preserved beyond six years. While the testimony of defendant himself would not have been secondary to that of his books if defendant had personal knowledge of the transaction, yet it appeared, as a matter of fact, that the books were not kept by him but were in charge of a bookkeeper who was not produced as a witness. Defendant admitted his knowledge of the subject-matter of the claim to be decidedly vague

and testified he was not aware to whom the bags were resold, or to what extent allowance had been made to each customer on account of imperfections, if any, and stated he could merely give such details approximately. Neither was he able to name the customers who actually paid in full or to what extent concessions had been made others in adjustment of defects, but estimated that the rebate made was on a basis of "about 50/50," thus indicating he had collected at least 50% of the purchase price on bags sold. He admitted a number of customers probably paid in full without complaint and that, of the amount collected from the others, no portion was paid plaintiff. In no instance was defendant able to give specific detail as to the amount sold each customer, the price of the goods thus sold, the amount paid by them, either on the bill or in settlement, nor other details which could have been shown by the books if properly kept and produced at the trial. Under these circumstances and in view of the fact that defendant did not personally keep the books, and his knowledge of the details of sales of the bags was quite limited, it was not error for the trial judge to refer to his testimony as secondary to that of the books, if produced: Zimmerman v. Railroad, 242 Pa. 444.

We find no reversible error in the record and the judgment is affirmed.