## Clark's Estate.

*Joseph A. Culbert*, for exceptant; *Keller H. Gilbert*, contra.

STEARNE, J., May 1, 1931.—Exceptant performed domestic services for decedent and was compensated by a modest weekly wage. An increase in wages was sought, but testatrix told exceptant that if she would continue to serve at the existing wage testatrix would, by will, give her the house in which they resided. Exceptant continued to serve and was devised the premises in question. The register assessed a transfer inheritance tax upon said devise, and, on appeal, was sustained by the Hearing Judge.

The question involved is whether, under the facts, the devise was in liquidation of a proven debt. If it was, no tax is assessable.

Judge Penrose, in Quin's Estate, 13 Phila. 340, very clearly and concisely stated the general rule in the following language: "A gift by a testator to a creditor and in satisfaction of his claim, of the precise sum due with interest, falls neither within the letter or spirit of these acts [*i. e.*, collateral inheritance tax]. The right of such creditor is not dependent upon the bounty of the testator. What is paid to him forms no part of the 'clear value' of the estate, nor can it be said to pass to him under the will, any more than in case of a general testamentary direction to pay debts."

But as Judge Penrose later pointed out in Gibbon's Estate, 16 Phila. 218, quoting Quin's Estate, *supra:* "But this principle cannot apply where . . . no claim such as could have been enforced by suit exists. . . ."

Where a legacy was given for the faithful performance of services, where there was no legal liability on the part of the testator therefor, a tax was held to be due: Walters's Estate, 3 Pa. C. C. 447.

To sustain a claim for services under an alleged contract of devisement, the proof must be clear and convincing, both as to the terms of the contract and as to performance by the claimant: 23 P. & L. Dig. Dec., Col. 41346. Thus, in Wiley's Estate, 11 Dist. R. 416, the promise was that if the nephew would come to live with decedent, the claimant would not receive "more wages," but that when decedent died the property would belong to claimant. It was held that the proofs were insufficient upon which to base a claim.

To sustain a claim against a decedent's estate, the proofs must be as definite and precise as is required to recover a debt in an action at law: Hirst's Estate, 274 Pa. 286; Shelton's Estate, 95 Pa. Superior Ct. 363.

Exceptant has produced no evidence which would have sustained a valid claim against a decedent's estate. She has not proved what services were actually performed nor given any evidence concerning the value of any.alleged service. In short, the record is barren of that precision and definiteness required in the proof of claims against the estates of decedents.

Exceptant having failed to sustain by a sufficiency of proof that the devise to her of the real estate in question was in satisfaction of a legal and provable debt in an amount equal to the value of the devised real estate and due by the testatrix to claimant, the exceptions are dismissed and the assessment of tax is affirmed.