## Blumberg's Estate

Before Lamorelle, P. J., and Gest, Henderson, Van Dusen, Stearne, and Sinkler, JJ.

The facts appear from the adjudication of

GEST, J., Auditing Judge.—The claim of the Komenarsky sisters, Katherine and Rae, was presented for $2,310, alleged to be due for lodging, maintenance, and nursing from January 1, 1927, to June 8, 1932, the date of the decedent's death, 5 years and 23 weeks at $10 per week. It does not seem necessary to rehearse the testimony produced at the audit. There did not seem to be any claim whatever concerning the lodging of the decedent, as the decedent lived apart from the claimants, and the testimony as to maintenance and nursing was vague and unsatisfactory, and the claim was by no means as precise as it is required in this court: Hirst's Estate, 274 Pa. 286. Indeed, the services, such as they were, appear to have been rendered as neighbors and friends gratuitously, or else in expectation of receiving a legacy.

Loose declaration by the decedent that the claimant will be well paid, and the like, are of little moment: Applegren's Estate, 23 Dist. R. 624, affirmed in 59 Pa. Superior Ct. 289. And, moreover, the presumption is very strong that whatever services were rendered on a pecuniary basis were paid for periodically: Gilbraith's Estate, 270 Pa. 288. The claim of Katherine and Rae Komenarsky is dismissed.

*William N. Nitzberg*, for exceptants.

*James McG. Mallie* and *Jacob Weinstein*, contra.

PER CURIAM, October 27, 1933.—The learned auditing judge dismissed the claim of the Komenarsky sisters, Katherine and Rae, which was in the sum of $2,310, for lodging, maintenance, and nursing for a period of upwards of 5 years; and the exceptions filed on behalf of these claimants go to this ruling.

In Schmitt's Estate, 21 Dist. R. 353, 354, we said:

"Findings of fact by an auditing judge, like the verdict of a jury, will not be disturbed unless clear error be shown (Kelly's Estate, 12 Dist. R. 718), and if there be sufficient evidence such findings will stand, even though another judge might have reached another and a different conclusion: Royer's Estate, 217 Pa. 626. To justify a reversal there must be manifest error (Boyd's Estate, 17 Dist. R. 393; Pollard's Estate, 18 Dist. R. 636), or the inferences and conclusions unwarranted: Cake's Appeal, 110 Pa. 65." See also Gross's Estate, 284 Pa. 73, and Kaufmann's Estate, 281 Pa. 519, and authorities therein cited.

The weight to be given to the testimony of witnesses because of their character, intelligence, and knowledge can be much better determined by the judge who hears them than by us, and we should be in danger of falling into grave

error in substituting our judgment for his: Steinmeyer v. Siebert, 190 Pa. 471; Comly's Estate, 185 Pa. 208; Gongaware's Estate, 265 Pa. 512; Grollman's Estate (No. 1), 273 Pa. 559.

A claim against the estate of a decedent must be as definite and precise as is required to recover a debt in an action at common law: Hirst's Estate, 274 Pa. 286, 288, and authorities therein cited.

The testimony offered in the instant case certainly lacks such precision, and our examination of the record does not convince us of any reversible error.

All exceptions are dismissed and the adjudication is confirmed absolutely.