## Blumberg's Estate.

Argued October 3, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Maurice H. Brown,* and with him *Wm. N. Nitzberg,* for appellants.

*Jacob Weinstein,* and with him *James McG. Mallie,* for appellees.

Opinion by Stadtfeld, J., December 18, 1934:

Katherine and Rae Komenarsky presented a claim for $2,310, alleged to be due for lodging, maintenance and nursing from January 1, 1927 to June 8, 1932, of decedent, Martha Blumberg, also known as Masha Blumberg, who died on the latter date, at $10 per week. The auditing judge disallowed the claim, the court in banc dismissed exceptions and confirmed the adjudication, and claimants thereupon appealed.

Claimants were not related to decedent. They were neighbors and friends. There was no testimony to

support the claim for lodging. Dr. Nathan Blumberg, a physician and surgeon, and a nephew of decedent, was called as a witness on behalf of claimants, testified that he called in to see his aunt, Martha Blumberg, to take care of her while she was sick, and found claimants there taking care of her and in practical nursing, preparing food for her, and taking his directions and giving her medicine and bathing her; the first time he saw that was back in 1926, and at frequent intervals until the time of her death. He further testified, under objection, that the usual charge for practical nursing was $15 to $25 per week, and that $10 per week for both claimants was a reasonable amount for the services rendered. On cross-examination he admitted that he had seen his aunt only once or twice a week during the last two years preceding her death, and that he had no records of any calls he made at her home, but only of those at the office; that the residences of claimants and of decedent were in close proximity; that decedent left her home, or going to claimants early in the morning and spending the major part of the day; that he knew this only by what decedent told him.

In relation to this claim, the auditing judge, GEST, in the adjudication, said:

"The claim of the Komenarsky sisters, Katherine and Rae, for $2,310, alleged to be due for lodging, maintenance, and nursing, was presented, from January 1, 1927, to June 8, 1932, the date of the decedent's death, five years and twenty-three weeks at $10 per week. It does not seem necessary to rehearse the testimony produced at the audit. There did not seem to be any testimony whatever concerning the lodging of the decedent as the decedent lived apart from the claimants and the testimony as to maintenance and nursing was vague and unsatisfactory and the claim was by no means as precise as it is required in this court, Hirst

Est., 274 Pa. 286. Indeed, the services, such as they were, appear to be rendered as neighbors and friends, gratuitously, or else in expectation of receiving a legacy.

"Loose declarations by the decedent that the claimant will be well paid, and the like, are of little moment, Applegren's Est., 23 D. R. 624, 59 Supr. 289. And moreover, the presumption is very strong that whatever services were rendered on a pecuniary basis were paid for periodically, Gilbraith Est., 270 Pa. 288. The claim of Katherine and Rae Komenarsky is dismissed."

Exceptions to the adjudication were dismissed by the court in banc. After a careful examination of the testimony, we are in entire accord with the comments of the auditing judge and the disposition of the claim.

In the present instance the parties were not related; at best they were neighbors and friends. The language of Mr. Justice SIMPSON, in Gilbraith's Estate, 270 Pa. 288, 291, 113 A. 361, a leading case which has been consistently followed, is most applicable: "We said in Carpenter v. Hays, 153 Pa. 432, 434, and have since frequently repeated, 'without variableness or shadow of turning' therefrom, that 'Claims against a dead man's estate, which might have been made against himself, while living, are always subjects of just suspicion, and our books, from Graham v. Graham, 34 Pa. 475, to Miller's Est., 136 Pa. 239 (249), are full of expressions by this court of the necessity of strict requirement of proof and the firm control of juries in such cases.' And again (page 435), 'The presumption grows stronger as each period of payment goes by. In the nature of things it is less potent against a claim for two or three months' wages, than for two or three years ...... As said by our late Brother CLARK in Gregory v. Com., 121 Pa. 611, 'the presumption will gather strength with each succeeding year,

and the evidence to overthrow it must, of course, be correspondingly increased.' Experience has demonstrated not only the wisdom of these rules, but the necessity for even more strictly adhering to them, and we propose to use the light thus cast upon our pathway.''

The claim is a joint one. There is no evidence of what particular services were rendered by either of the claimants; no evidence of any direct promise by decedent to either of them. The testimony consists only of vague and uncertain declarations to third parties, and it does not even appear that either of the claimants was present when the same were made.

As stated in the opinion of the court in banc, in sustaining the adjudication: ''A claim against the estate of a decedent must be as definite and precise as is required to recover a debt in an action at common law: see Hirst's Estate, 274 Pa. 286 (at page 288), and authorities cited.'' To same effect see Shelton's Estate, 95 Pa. Superior Ct. 363.

So far as the declarations indicate any intention that payment would be made after her death, it would be the witnesses thought that claimants' services were to be compensated by a legacy, and not otherwise. As stated in Gilbraith's Estate, supra: ''......the case, in this aspect, is within the rule that where services are rendered in expectation of a legacy to be given, there can be no recovery against a decedent's estate, for this excludes the idea of a contractual relation between the parties: Miller's Est., 136 Pa. 239, 250; Cummiskey's Est., 224 Pa. 509, 513.''

The findings of the auditing judge were fully warranted by the testimony, and our examination of the record does not disclose any reversible error.

The assignments of error are overruled and decree affirmed.