## Brown's Estate

*Albert C. Richter*, for exceptant.
*William R. Newgeon*, contra.

KLEIN, J., April 5, 1935.—Exceptions were taken to the dismissal by the auditing judge of a claim for balance of rent alleged to be due by the decedent under an oral lease of real estate.

To fix the amount due him, claimant produced two witnesses, both of whom testified that they had no personal knowledge of the amount owing, but relied solely for their information upon entries made by the claimant in a small memorandum book, designated by them as "the rent book". The witnesses did not testify that this book was kept in the regular routine of claimant's business. On the contrary, they stated that the memorandum book merely contained entries of the payments received. It did not in any way indicate whether any balance was still or had at any time been due.

The auditing judge properly ruled that the claim should not be allowed.

The memorandum book was not offered in evidence, and if offered, would have been inadmissible, since it did not contain any charge against the decedent or in any other way indicate that it was kept in the regular routine of business: Alexander v. Hoffman, 5 W. & S. 382 (1843) ; Wall v. Dovey et al., 60 Pa. 212 (1869) ; Fulton's Estate, 178 Pa. 78 (1896).

In Pringle v. Neff, Executrix, 112 Pa. Superior Ct. 547 (1934), the court, after carefully reviewing the law on this subject, refused to admit in evidence an account in a book which had not been kept in the regular routine of business and which did not charge or purport to charge the defendant.

The only testimony adduced by the claimant to fix the amount of his claim was therefore secondary evidence based upon entries contained in a book not in evidence. Clearly such testimony is inadmissible.

In Zimmerman v. Baltimore & Ohio R. R. Co., 242 Pa. 444 (1913), the Supreme Court upheld the refusal of the trial judge to admit in evidence testi-

mony based upon entries in books which were not offered in evidence at the trial. The court held that the testimony was not such primary proof of the matter sought to be established as was required to render it admissible in evidence. To the same effect, see Cruden Martin Mfg. Co. v. Turner, 283 Pa. 545 (1925).

The rule has been well established in our courts that to prove a claim against a dead man's estate by parol evidence, proof direct and positive is required: Hirst's Estate, 274 Pa. 286 (1922); Gross's Estate, 284 Pa. 73 (1925); Schwoyer's Estate, 288 Pa. 541 (1927).

In the instant case, no competent evidence whatever was adduced directly and positively fixing an amount due the claimant. The auditing judge properly ruled that the claim should be dismissed.

The exceptions are dismissed and the adjudication is confirmed absolutely.