# Goodhart's Estate.

*Decedents' estates—Claims against—Domestic services—Family relation—Wages—Evidence—Declarations of decedent.*

1. A promise by a decedent to pay for domestic services will not be implied where the relation of the parties repels the idea of a contract.

2. One seeking to bind by contract a decedent to whom the claimant bore a close family, but not blood, relationship, must show the making of an express agreement in terms clear and unequivocal.

3. Declarations made by decedent on two occasions, to her attorney, that she owed claimant a sum stated, and that she would see him sometime about drawing up an instrument to secure it to her, are insufficient to establish a contract to pay for services.

Submitted September 27, 1923. Appeal, No. 67, Jan. T., 1924, by Helen G. Beck, claimant, from decree of O. C. Cumberland Co., dismissing exceptions to auditor's report, in estate of Mary Elizabeth Goodhart, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to auditor's report disallowing claim. Before MCPHERSON, P. J., specially presiding.

Exceptions dismissed. Helen G. Beck, claimant, appealed.

*Error assigned* was decree, quoting it.

*Francis B. Sellers, Jr.,* for appellant.

*Caleb S. Brinton* and *Thomas E. Vale,* for appellees.

PER CURIAM, January 7, 1924:

Appellant complains of a decree of the orphans' court disallowing a claim of $2,500 made by her against the estate of her foster mother.

Claimant, in 1892, when a child of two years, was taken into the family of Mary and William Goodhart, to whom she bore the relationship of niece; she lived with them until after her marriage in 1915; during her childhood she was clothed, educated, and maintained by the Goodharts; after her graduation from the local schools, her foster father loaned her money to take a stenographic course, which enabled her subsequently to fill several positions; she assisted in household duties at the common home, was always treated as one of the family, and never paid board or lodging; in her spare moments she helped to run a small store kept by Mr. Goodhart, who died September 28, 1917. Mary E. Goodhart, the decedent in this case, died January 2, 1918.

The demand against the estate of claimant's foster mother is "for wages she owes me and had promised to pay me." Whether the claim is in the nature of a quantum meruit or on an alleged contract is not clear, but, in either case, considering the relations of the parties, the evidence was insufficient to allow a recovery. A promise to pay for services such as those rendered in the present instance will not be implied where, as here, the relation of the parties repels the idea of a contract: Appeals of Fross and Loomis, 105 Pa. 258, 266. The policy of the law which dictates the rule just mentioned, similarly requires that one seeking to bind by contract a decedent to whom she bore a close family relationship, must show the making of an express agreement in terms clear and unequivocal (Caldwell v. Taylor, 276 Pa. 398, 404; Brown v. McCurdy, 278 Pa. 19), and this the present claimant failed to do.

The strongest evidence offered in support of appellant's claim is the testimony of an attorney who stated, over the objection of appellee, that, on two occasions in

1917, decedent had told him she owed claimant $2,500, and some time she would see him about drawing up an instrument to secure it to her. Whether or not this statement was a confidential communication, made by Mrs. Goodhart to the witness as her attorney, and hence inadmissible, it is unnecessary to decide. We agree with the learned court below that, even though admissible, this testimony, as well as the other evidence relied on by claimant, falls short of the character of proof required in such cases.

The decree is affirmed, costs to be paid by the estate.