## Reynolds, Executrix, Appellant, *v.* Williams, Executor.

*Decedents' estates—Claims against—Evidence—Declarations—Contract—Consideration.*

1. Claims against dead men's estates, resting entirely in parol, based on loose declarations, presented years after the services were rendered or alleged contract made, and when the lips of the party principally interested are closed in death, require the closest and most careful scrutiny to prevent injustice being done.

2. Such rule is applicable where a contract of a decedent is sought to be established by the depositions of a woman eighty years of age containing merely general statements, and declarations of decedent not apparently made when the other alleged contracting party was present.

3. A declaration by one, after a gift of money was made to her, that she would leave the same amount to another by her will, will not create a valid contract. There is no consideration.

Argued December 1, 1924. Appeal, No. 91, Jan. T., 1925, by plaintiff, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1922, No. 3995, for defendant n. o. v., in case of Loretta M. Reynolds, ancillary executrix of the estate of James F. Reynolds, deceased, v. Walter Williams, executor of estate of Virginia R. Leedom, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit on alleged contract. Before MONAGHAN, J. The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $7,773.25. Judgment for defendant n. o. v. Plaintiff appealed.

*Error assigned* was, inter alia, judgment n. o. v., quoting record.

*Robert Mair*, with him *Bertram P. Rambo, Wayne P. Rambo* and *Ormond Rambo*, for appellant.—The judg-

ment was properly entered: Hostetter v. Hollinger, 117 Pa. 606; Hind v. Holdship, 2 Watts 104; Sparks v. Hurley, 208 Pa. 166; Edmundson's Est., 259 Pa. 429; McGlinn Distilling Co. v. Dervin, 260 Pa. 414; Gerz v. Demarra, 162 Pa. 530; Harrington v. Hickman, 148 Pa. 401; Schoch v. Garrett, 69 Pa. 144; Hoffa v. Hoffa, 38 Pa. Superior Ct. 356.

*Jere J. Crowley,* for appellee, cited: Caldwell v. Taylor, 276 Pa. 398; Bash v. Bash, 9 Pa. 260; Edwards v. Morgan, 100 Pa. 330; Blymire v. Boistle, 6 Watts 182; Guthrie v. Kerr, 85 Pa. 303; Klingler v. Wick, 266 Pa. 1. See also Mundorff v. Kilbuck, 4 Penny. 103; Beck v. Water Co., 35 Pitts. L. J. 510; Kountz v. Holthouse, 85 Pa. 235.

OPINION BY MR. JUSTICE WALLING, January 5, 1925:

James S. Reynolds, late of Philadelphia, died in 1904, testate, leaving, inter alia, a son James F. Reynolds and three sisters, viz: Mary, Pauline and Virginia. To the two first named sisters he bequeathed $15,000 each, but gave nothing to Virginia. Mary died in 1907, Virginia in 1922 and Pauline is still living. After Virginia's death, the son, James F. Reynolds (herein called "the plaintiff," although now deceased) brought this suit against her estate for $7,500, on the averment that to appease her displeasure because omitted from her brother's will she was given that amount by her sister Mary, being one-half of the latter's $15,000 legacy, on condition that she (Virginia) would give the plaintiff a like sum in her will, whereas in that instrument his name is not mentioned. The sole evidence in support of plaintiff's claim was the deposition of his aunt Pauline, taken in 1923, when she was eighty years of age. The trial judge submitted the case to the jury, who found for the plaintiff; later the court in banc entered judgment for defendant non obstante veredicto and therefrom plaintiff brought this appeal.

The judgment was entered on the ground that the evidence was insufficient to sustain the verdict. A careful examination of the record has brought us to the same conclusion. This is one of the class of claims against a dead person's estate that must be subjected to the closest scrutiny and only allowed on strict proof. See Gilbraith's Est., 270 Pa. 288, 294, 295; Caldwell v. Taylor et al., 276 Pa. 398; Hirst's Est., 274 Pa. 286; Pollock v. Ray, 85 Pa. 428; Graham v. Graham's Executors, 34 Pa. 475. In Wall's App., 111 Pa. 460, 471, Mr. Justice Green, for the court, says, "Claims of this nature against dead men's estates, resting entirely in parol, based largely upon loose declarations presented generally years after the services in question were rendered, and when the lips of the party principally interested are closed in death, require the closest and most careful scrutiny to prevent injustice being done. We cannot too often repeat the cautions we have so frequently uttered upon this subject, and we feel that the present occasion is one which demands both their repetition and their application."

The witness Pauline has for many years resided in New York, but often visited her sisters in Philadelphia, until Mary's death, and thereafter visited Virginia, whose married name was Leedom. She deposed to alleged conversations with her sisters and in general terms that Mary divided her legacy with Virginia, who was to leave the same to their nephew, the plaintiff. She was not present, however, when the $7,500 or any part of it was turned over to Virginia, and while she says the latter put the money in the Germantown bank, there is no proof that such a deposit was in fact made. Manifestly Pauline's only information as to Virginia's receipt of the $7,500 is the recollection of conversations recalled after many years. But conceding Virginia received the $7,500, it is not sufficiently shown that she did so under an agreement to bequeath it or a like amount to plaintiff. Pauline does not say distinctly that she was present

and heard her sisters make such a bargain. Her deposition contains general statements; when closely scrutinized, however, it tends to show merely an intention among the sisters that in the end the nephew should have the $7,500, but not a valid contract to that effect. The conclusion of the deposition is: By Mr. Crowley: "Q. Miss Reynolds, didn't you say, in answer to a question of mine, that Mary told you that she was going to give it to Virginia because she was angry about the provision of your brother's will, and that possibly the same day Virginia told you of the arrangement between them, and that she was going to provide in her will to that effect? A. Yes, sir. Q. Well, they were not both present in the same room with you at the time? A. They told me the same thing whether I was in the room or not. Q. Each one told you separately? A. Yes. By Mr. Mair: Q. Were you all three in the same room together, you, Mary and Virginia? A. Probably. Q. Well, will you think it over and tell us what your memory is on it? A. I think it makes no difference. She said it to me and Mary said it to me, and both said it to me, and I knew the intention. Q. At any time were the three of you together? A. Yes, very often." So, while the three sisters were often together, she does not say the alleged contract was made in her presence, and, if not, then the case depends solely on the separate declarations of the parties, which are insufficient: Flaccus v. Wood, Exr., 260 Pa. 161; Donohoe's Est., 271 Pa. 554, 558; Bean's Est., 264 Pa. 131; Winfield v. Beaver Trust Co., 229 Pa. 530. The cases cited for plaintiff are on their facts distinguishable from the instant case. Mary's purpose for making the gift, so far as disclosed, was to placate Virginia and not to secure a gift over to plaintiff. The latter thought seems to have originated with Virginia and very likely it may have first found expression after the gift. Pauline's evidence taken as a whole does not disprove that conclusion. Of course Virginia's declarations after the gift would not create a valid contract. As is well stated

by the lower court: "There is no evidence that the gift Mary Reynolds made to her sister Virginia was conditional upon an agreement by Virginia to bequeath the money to their nephew, or that the undertaking of Virginia was more than a voluntary promise without the binding force of a contract either with her nephew, or her sister Mary. The evidence fails to establish a meeting of the minds in a binding contract or to prove that the gift was made in consideration of the promise by Virginia to bequeath the money to James F. Reynolds. There was no contract that can be enforced against the estate of Virginia R. Leedom." To permit a recovery from a dead person's estate on such defective proof would establish a very dangerous precedent.

The assignments of error are overruled and the judgment is affirmed.