# Schwoyer's Estate.

*Decedents' estates — Claims against — Evidence — Findings of auditor.*

1. The findings of fact by an auditor as to a claim against a decedent's estate, approved by the orphans' court, is entitled to the same weight as the verdict of a jury.

2. To establish a claim against a decedent's estate by parol evidence, requires proof direct and positive, and the terms of the liability must be certain and definite.

*Appeals—Evidence—Failure to raise question in lower court—Auditors — Rulings — Exceptions — Decedents' estates — Claims against—Attorneys-at-law—Privileged communication.*

3. Where a claim against a decedent's estate is made before an auditor, and an attorney-at-law refuses to answer certain questions regarding statements made in his presence by deceased to the claimant, on the ground that they were privileged, as the attorney was then acting for the deceased, and claimant takes no exception to such refusal, and makes no request either to the auditor or the orphans' court to compel the witness to answer, the claimant cannot, on an appeal from a decree against him, raise the question in the appellate court.

4. Error cannot be successfully assigned to rulings at the trial to which no exception was taken in the court below.

*Decedents' estates—Claims against—Remedies—Law or equity—Granting issue—Discretion of court—Res judicata—Act of June 7, 1917, P. L. 362, 382.*

5. Where a claimant against a decedent's estate brings suit in the common pleas to preserve his lien on the decedent's land, and thereafter, without bringing the case to trial, presents his claim to an auditor appointed by the orphans' court, he cannot, after the auditor has disallowed the claim, ask to have an issue framed so that his case may be tried before a jury. The claimant having had his day in court before the auditor, is not entitled to another before a jury.

6. The granting of an issue in such case is a matter within the discretion of the orphans' court under the Act of June 7, 1917, P. L. 362, 382.

Argued January 31, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SCHAFFER, JJ.

Appeal, No. 27, Jan. T., 1927, by Joseph Silverstein, claimant, from decree of O. C. Lehigh Co., file No. 18150, confirming report of auditor, in estate of James M. Schwoyer, deceased. Affirmed.

Exceptions to report of George M. Lutz, Esq., auditor. Before IOBST, J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. Joseph Silverstein, claimant, appealed.

*Error assigned* was, inter alia, decree, quoting record.

*Orrin E. Boyle,* for appellant.—An attorney cannot, without his client's consent, divulge matters which were communicated to him in confidence by his client in the course of his professional employment.

In order that this rule of privilege may be applied, however, the relation of attorney and client must actually exist between the parties at the time when the communication is made, or the information acquired: Lyon v. Lyon, 197 Pa. 212; Beeson v. Beeson, 9 Pa. 279; Sargent v. Johns, 206 Pa. 386.

It is the duty of the party claiming the benefit of exemption from the general rule that compels all to disclose the truth, to show that the particular instance is privileged: Beeson v. Beeson, 9 Pa. 279; Jeanes v. Friderberg, 3 Clark 199; Satterlee v. Bliss, 36 Cal. 489; Turner's App., 72 Conn. 305; Philips v. Chase, 201 Mass. 444; Hyman v. Grant, 102 Texas 50.

An attorney is an incompetent witness only as to confidential communications and not concerning other mat-

ters affecting his client or which came to his knowledge from an independent source: Jeanes v. Friderberg, 3 Clark 199; Levers v. VanBuskirk, 4 Pa. 309; Beeson v. Beeson, 9 Pa. 279; Sargent v. Johns, 206 Pa. 386; Brown v. Coal Co., 211 Pa. 579; Mitchell v. Mitchell, 212 Pa. 62; Hummel v. Kister, 182 Pa. 216; Turner v. Warren, 160 Pa. 336.

The orphans' court must, at the request of either party, direct a precept for an issue to the court of common pleas of the county for a trial thereof whenever a dispute upon a matter of fact arises before it.

*A. G. Dewalt,* of *Dewalt & Heydt,* with him *Butz & Rupp,* for appellee.—It has been repeatedly held that in a claim for services against a decedent's estate, when the claimant could have asserted his rights long before the decedent's death, at a time when there was sufficient money on hand to pay the claim and when decedent could have defended his rights, the claimant, if he relies on oral evidence, must establish his right by proof direct and positive and the terms of the liability must be certain and definite: Gross's Est., 284 Pa. 73, 75; Caldwell v. Taylor, 276 Pa. 398, 404; Goodhart's Est., 278 Pa. 381, 382; Hirst's Est., 274 Pa. 286, 288; Reynolds v. Williams, 282 Pa. 148, 150.

It is contended that when the witness was asked for the conversation, he was acting for his client and that he has no right to divulge any knowledge which he received in such professional capacity without the consent of his client and that the death of James M. Schwoyer has sealed the lips of his attorney, the witness herein, as effectively as it has sealed the lips of the claimant himself.

An examination of the cases cited by appellant disclose that the facts are not similar to the present case.

The orphans' court is not bound, after the party in interest has voluntarily presented his claim before an auditor, appointed to pass thereon, and the auditor has de-

cided adversely thereto, to direct a precept for an issue to the court of common pleas for the trial thereof.

OPINION BY MR. JUSTICE WALLING, March 14, 1927:

James M. Schwoyer, of Lehigh County, died testate, in May, 1923. In 1925, his executors filed a first partial account showing a balance of some $20,000. Before the auditor, appointed to make distribution thereof, Joseph Silverstein presented a claim of $5,000, with interest from March, 1921. The orphans' court's decree confirming the report of the auditor, disallowing this claim, forms the basis of this appeal by claimant.

A careful study of the entire record discloses no cause for reversal. Schwoyer was a large stockholder and officer in the Diehl Furniture Company; this company was, in March, 1921, exchanged for the Lehigh Real Estate Company, stock in the latter being issued to holders of stock in the former. It took some months to consummate this exchange of corporations, including corporate stock, franchises and property, during which time the claimant acted as representative for Schwoyer and his associates. For these services he presented this $5,000 claim against the Schwoyer estate. There was no proof of the value of the services and the claim rests entirely on an alleged oral agreement by Schwoyer to pay Silverstein that sum on account thereof. The claim might have been presented to the deceased in his lifetime, but, so far as appears, never was. In such case it requires the most careful scrutiny: Reynold's Exrx. v. Williams, Exr., 282 Pa. 148. In the language of Mr. Justice KEPHART, speaking for the court, in Gross's Estate, 284 Pa. 73, 75: "To successfully assert a claim against a dead man's estate is being steadily made more difficult. To establish such claim by parol evidence requires proof direct and positive. The terms of the liability must be certain and definite"; citing authorities. To similar import, see Goodhart's Est., 278 Pa. 381; Hirst's Est., 274 Pa. 286. Judged by this standard, the

proof fails. That claimant acted in the matter appears; that the deceased promised to pay him $5,000, or any other sum therefor, is not shown. There is evidence of some loose talk by the deceased, not in the presence of Silverstein, about the latter getting $5,000 for his services, also some talk that he should have $10,000 of stock in the Lehigh Real Estate Company, but nothing to show a definite agreement by the deceased to pay him the one or the other. That he was to get the stock for his services is more consistent with the so called proof than that he was to get cash, and, if so, there is nothing to show he ever demanded the stock or what it was worth.

Allen W. Hagenbach, Esq., was attorney for the deceased and his associates at the time of the corporate transfer, for which reason the auditor concluded his testimony given as a witness for claimant was privileged and should be disregarded. It is immaterial whether this conclusion is right or wrong, for, treating all Hagenbach's testimony as verity, it adds practically nothing to claimant's case.

True, while Hagenbach was on the stand, he refused to answer certain questions, which the auditor said he might answer, regarding statements the deceased made to claimant in his presence, on the ground of a privileged communication, as witness was then acting as counsel for Schwoyer. Claimant took no exception to such refusal and made no request that the auditor require an answer. Neither did he ask the auditor nor orphans' court to compel the witness to answer, as he might have done. See Act of April 11, 1848, P. L. 507, also Com. v. Newton, 1 Grant 453, and 3 Rhone's Orphans' Court Practice 276, as to power of the auditor. See also Enos v. Garrett's Est., 2 Pa. Dist. Reports 86, and Coray v. Jenkins, 5 Lackawanna Jur. 242, as to duty of the orphans' court in such case. Not having exhausted his remedy in the lower court and having no exception on this branch of the case, the record presents nothing which we can review. Error cannot be successfully as-

signed to rulings at the trial to which no exception was taken: Littieri v. Freda, 241 Pa. 21. We are therefore not called upon to decide whether or not the matter to which the inquiry related constituted a confidential communication between attorney and client.

Subsequent to Schwoyer's death claimant brought suit and filed a statement of claim in the court of common pleas, to which an affidavit of defense was filed. This suit, brought to preserve the lien on decedent's land, never came to trial, but the claim embraced therein was presented to the auditor as above stated. After the auditor had filed his report, claimant asked to have an issue framed so his case might be tried before a jury. This was properly denied; having had his day in court before the auditor he was not entitled to another before a jury. The application came too late. A creditor whose claim has been passed upon, is concluded: Sergeant's Executors v. Ewing, 30 Pa. 75; Reading Tr. Co. v. Penna. Tr. Co., 26 Pa. Superior Ct. 599. In any event, the granting of an issue in such case is a matter within the discretion of the orphans' court, for section 21 (a) of the Act of June 7, 1917, P. L. 363, 382, provides: "The orphans' court shall have power to send an issue to the court of common pleas of the same county, for the trial of facts by jury, whenever they shall deem it expedient so to do." See also opinion of Judge HANNA, in Wetherell's Est., 4 W. N. C. 511.

The finding of the facts by an auditor, approved by the orphans' court, is entitled to the same weight as the verdict of a jury. Had the latter found the facts in this case against the claimant there would be no reason for a new trial.

The decree is affirmed and appeal dismissed at the costs of appellant.