## Calvert, Appellant, v. Eberly, Admr.

Argued November 26, 1930. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*Chester B. Wray,* for appellant.

*R. A. Henderson,* with him *M. M. Morrow,* for appellee.

PER CURIAM, January 5, 1931:

Plaintiff sued defendant, administrator of Frank H. Eberly, late of Logan Township, Blair County, to recover compensation for services rendered decedent during his lifetime. A verdict was rendered in plaintiff's

favor in the sum of $10,000 which the court set aside and entered judgment for defendant non obstante veredicto. Plaintiff appealed. After reading the evidence and considering the oral and written arguments of counsel, we find nothing that warrants special discussion by this court, and affirm on the following excerpts from the opinion of the learned trial judge, which, for the purpose of this appeal, sufficiently state the case:

"Frank H. Eberly, a resident of Blair County, worked for the Pennsylvania Railroad Company for many years. About fifteen years ago his wife died; his wife's sister, Miss Elizabeth Calvert, came to his home to live at that time. She lived in the home for a period of approximately fourteen years. She received no wages. The testimony shows that she kept one or two roomers or boarders and that these persons paid her compensation for room and board. She did all the work for Frank H. Eberly, mended his clothing, acted as housekeeper, took care of everything and employed no help. She maintained a comfortable home for Mr. Eberly. The most pleasant relationship always existed between them. The evidence also shows that at the time of the death of Mr. Eberly's wife, the plaintiff was a seamstress, engaged in a lucrative occupation. In other words, she was making a good living and she gave this up in order to enter the home of Mr. Eberly. And there is no dispute that Miss Calvert lived in the home of Frank H. Eberly as his housekeeper and took care of him up until the time of his death, in January, 1927. Mr. Eberly, the testimony shows, paid her fifty dollars a month as his board and he owned the house in which they lived. The plaintiff, at the time of the trial, was a woman forty-nine years of age and at the time she entered into the home of Mr. Eberly she was a comaparatively young woman, thirty-five years of age. He left an estate worth about twenty thousand dollars.

"The plaintiff seeks to establish a contract whereby, upon consideration of her giving up her occupation as a

seamstress and entering the home of Mr. Eberly as a housekeeper, he agreed to provide a home for her as long as she lived, if she remained unmarried during his lifetime. Of course, the lips of Miss Calvert, the plaintiff, were closed by the death of Frank H. Eberly, but she offers in evidence to support her contention a deposition. The deposition was that of her sister, Mabel Calvert Keimes, and was taken on the sixteenth day of May, 1929, in New Mexico. This witness states that Miss Calvert is her sister; that the first time she talked to Mr. Eberly was in his home in Altoona, Pennsylvania, and the second time she spoke to him was in El Paso, Texas, which was her home at that time. She stated, 'We were sitting in his parlor. I asked him about my sister's welfare and what she was getting for a living. He said, "I am not paying her housekeeping wages, but this is her home. I am allowing her to keep two roomers and boarders. I am paying my own board to her. If I die first she will be provided for, if she does not marry before I die." He said she was paying her own expenses in running the house. That was in 1918, in November at his home in Altoona, Pennsylvania. In 1930, when he visited me in El Paso, Texas, at my home, he stated practically the same thing and he also stated, "Her and I have a contract and you need not worry." He also said the home would be hers.'

"Upon first considering this case, we were of the opinion that the facts stated in the testimony were sufficient to support a contract, but after giving the case careful consideration we are of the opinion that, under the authorities, the contract cannot be sustained. While we are satisfied that meritorious services were performed in this case, and that the plaintiff changed her entire position in life, believing that the decedent, Frank H. Eberly, would provide for her and, no doubt, relied upon the statements that he made, yet we feel that, under the authorities, the contract is not sufficient to be a binding and valid contract against the estate......

"To sufficiently assert a claim against a dead man's estate is being steadily made more difficult. To establish such claim by parol evidence requires proof direct and positive. The terms of the liability must be certain and definite. Moreover, appellant is also faced with the proposition that, having received a certain sum of money each month, for services, the presumption would be the payment thus received was in full satisfaction of any demand. [Citing, among others, the cases of Gilbraith's Est., 270 Pa. 288, 294-5; Winfield v. Beaver Trust Co., 229 Pa. 530, 532; Brown v. McCurdy, 278 Pa. 19, 22.] ...... A parol contract of a decedent to give the plaintiff a portion of his estate in consideration of services rendered, even if capable of being enforced, can only be enforced when clearly proved by direct evidence, and when its terms are definite and certain. Claims of this nature should receive the closest and most careful scrutiny: Graham v. Graham's Exrs., 10 Casey 475, followed: Walls's App., 111 Pa. 460......[See] Goodhart's Est., 278 Pa. 381; see also Reynolds, Exrx., v. Williams, 282 Pa. 148......

"We are satisfied, after examining the authorities stated in the defendant's brief, that we must enter judgment for the defendant non obstante veredicto."

In conformity with the views expressed in the above quoted excerpts from the opinion of the learned trial judge, the judgment is affirmed, costs to be paid by appellant.