## Barnet's Estate.

Argued January 8, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*Isidore Baylson,* for appellant.

*R. M. Remick,* of *Saul, Ewing, Remick & Saul,* with him *Louis J. Groudine,* for appellees.

OPINION BY MR. CHIEF JUSTICE KEPHART, January 31, 1936:

The appeal concerns a widow's claim against the estate of her deceased husband for $31,000, the total salary which she alleges her husband contracted to pay her as general manager of his concessions at Willow Grove Park for the years 1917 to 1921. Claimant took against her husband's will and, there being no children, she received one-half of the estate; she also had the benefit of a life insurance policy for $15,000, and of a certain property placed in the name of herself and her husband as tenants by the entirety, which is valued at $25,000. This claim would take the remainder of his estate.

A husband, if he sees fit, may employ his wife and contract to pay her a stipulated salary, but generally her services are rendered without expectation of specific reward. Her compensation is the increase in the husband's property and, through that, the improvement of their mutual well-being. The policy of the law requires that one seeking to recover for services rendered a decedent, with whom there is a close family relationship, must show an express agreement in terms clear and unequivocal. See Goodheart's Est., 278 Pa. 381, 382. No claim therefore can here be based on a quantum meruit. To show an express contract, various witnesses testified to certain oral declarations of the decedent, but none of them stated with any degree of certainty the time, place or manner of contracting, or that decedent's declarations were made in the claimant's presence. Moreover, the court below did not place reliance on the testimony tending to show decedent regarded his wife as a paid employee.

The written evidence showed an extract from a letter in which decedent stated his wife was in business with him. This gave no support to the claim that the services were rendered under contract. The claimant's federal income tax return for the year 1921, prepared by *dece-*

*dent,* was offered in evidence, and it showed a payment of salary for that year. The auditing judge stated: "If the 1921 salary *is* still due and owing, as claimed, why should both claimant and decedent declare that claimant had received that sum in 1921?" The probable explanation is decedent's difficulties with the government over his income tax, but this writing did not aid the theory of an express contract.

The court below found there was no positive and direct proof such as is necessary to maintain an action against a decedent's estate (see Gross's Est., 284 Pa. 73, 75, and authorities cited therein), and we are not confronted with sufficient proof to disturb that finding.

Decree affirmed at appellant's cost.