## Smith's Estate.

Argued November 30, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*T. P. Dunn,* for appellant.

*Maurice J. Coughlin,* for appellee.

PER CURIAM, December 16, 1936:

In the adjudication of an account in the Orphans' Court, the appellant asked to have an issue to determine the validity of the claim of a bank certified to the Common Pleas. Under the Act of June 7, 1917, P. L. 363, Section 21(a), the Orphans' Court may certify such issue if in its discretion the question is one that should be passed on by a jury: *Schwoyer's Estate,* 288 Pa. 541. The court below had investigated the claim thoroughly, and had done everything possible to expedite a proper adjustment. The refusal of the issue was clearly not an abuse of discretion. The questions involved were the normal questions that always come into the adjudication of accounts, and to compel issues to be framed for the Common Pleas would impose an unnecessary additional burden on that court.

Appellant misapprehends the functions of the accountant appointed by the Orphans' Court. He did not perform the duties of an auditor; he was merely an expert accountant appointed as an examiner to unravel complicated accounts. No objection was made to his appointment, and while the court relied to some extent on his report for corroboration, its findings as to the claim in dispute were based principally upon the testimony at the audit. It is immaterial what this accountant may have been termed; he did not have the status of an auditor.

The orders of the court below are affirmed at the cost of appellant.