## Bechdel's Estate.

140

Argued January 5, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN and PARKER, JJ.

*Wm. W. Litke,* of *Fleming & Litke,* for appellant.

*John G. Love,* of *Love & Wilkinson,* for appellees.

PER CURIAM, January 20, 1942:

This appeal is from an order affirming the report of an auditor rejecting appellant's claim for services as housekeeper and nurse rendered to testator during the six-year period immediately prior to the filing of the executors' account. The claim was rejected for want of proof that she had not been paid periodically in the customary way.

Appellant and her husband lived with testator, a farmer; her husband did the farm work and received periodic payments, and she did all of the housework and looked after the testator during his illness.

Claims such as this, which could have been presented during the decedent's lifetime, are carefully scrutinized: *Conrad's Estate,* 333 Pa. 561, 567 et seq., 3 A. 2d 697; the evidence to establish them must be clear and convincing: *Gilbraith's Estate,* 270 Pa. 288, 113 A. 361. Where, as here, the services are those of a domestic or nurse, there is a presumption of periodic payments: *Mooney's Estate,* 328 Pa. 273, 194 A. 893; *Cummiskey's Estate,* 224 Pa. 509, 73 A. 916; *Gilbraith's Estate,* supra; *Witten v. Stout,* 284 Pa. 410, 131 A. 360; *Blumberg's*

*Estate,* 115 Pa. Superior Ct. 310, 175 A. 741; *Johnson's Estate,* 108 Pa. Superior Ct. 526, 165 A. 535; *Bemis v. Van Pelt,* 139 Pa. Superior Ct. 282, 11 A. 2d 499. This is especially true where the decedent, like this testator, had the reputation of paying obligations as they became due: compare *Gross' Estate,* 284 Pa. 73, 75, 130 A. 304; *Collins' Estate,* 83 Pa. Superior Ct. 31.

The presumption of payment is rebuttable, but the auditor found, and his finding was affirmed by the court in banc, that the evidence presented by appellant was insufficient to rebut it. The record sustains the finding and we accept it.

Order affirmed at appellant's costs.