## Armstrong Estate

*Stephen J. McEwen,* for accountants.

*James N. Robertson,* for exceptants.

VAN RODEN, P. J., January 31, 1952.—Exceptions to the adjudication nisi in this estate have been filed on behalf of Charles Bosacco and Joseph Bove, trading as Charlie and Joe's Barber Shop, who presented a claim against the estate at the time of audit. The claim, which was in the total amount of $1,771.99, covered tonsorial services allegedly rendered to decedent over a period of years, in the amount of $1,419.60, and money advanced in the sum of $352.39. After hearing thereon, the auditing judge held that the proof failed to measure up to the required standards and the claim was accordingly disallowed and dismissed.

After careful and serious consideration to the written brief and oral argument submitted by counsel for exceptants, the court is of the opinion that the auditing judge properly disposed of the claim and the exceptions must be dismissed.

Claimants were rendered incompetent to testify in support of their claim by virtue of the provisions of the Act of May 23, 1887, P. L. 158, sec. 5(e), 28 PS §322. They attempted to establish their claim by producing customers who testified that decedent was seen regularly in the barber shop, that claimants were observed rendering services unto him but that he was never seen paying for same. It was further testified that decedent made numerous statements to the effect that he would "take care of Charlie someday", "look out for him later", and that "Charlie was very good to him".

It seems obvious that such testimony is insufficient to establish liability against decedent's estate, since such a claim requires "proof strict and positive, and the terms of liability must be certain and definite".

See Hunter, Pennsylvania Orphans' Court Commonplace Book (Vol. 1, p. 295).

"Mere loose declarations, suggested gratuities, anticipated benefactions and testamentary intentions are not sufficient to warrant recovery." Ibid, p. 296.

Furthermore, since services of the nature rendered by claimants to this decedent are customarily paid for as and when rendered, rather than accrued over many years, there is presumption of periodic payments: Bechdel's Estate, 344 Pa. 139-40 (1942).

The inadequacy of the oral evidence to establish the claim has been frankly recognized by counsel for exceptants. His position is, however, that the claim has been properly established from a legal standpoint by virtue of the fact that it was listed in the statement of debts and deductions submitted for the purpose of reducing the clear value of the estate for inheritance tax purposes, this statement being supported by the affidavit of one of the accountants.

In determining the legal effect of listing a claim in the statement of debts and deductions, it is significant to note that the affidavit appended to such statement does not even purport to certify that the items so listed are recognized as valid obligations of the estate, but merely recites that "the foregoing is a just and true statement of debts, funeral expenses and expenses of administration *submitted to the estate* of Ellsworth Armstrong, Deceased, as deductions for *inheritance tax purposes*". (Italics supplied.)

The record discloses that although the accountant submitted the claim for inheritance tax purposes, it was not allowed as a deduction by the Commonwealth.

No reported decision has been cited by counsel for exceptants in support of the proposition that the listing of a claim in the statement of debts and deductions has the legal effect of a binding admission as to its validity. It seems apparent that such listing is merely

a cautionary measure to insure that the register of wills has been given notice of claims submitted to the estate, so that, in the event that such claims are properly allowed by the court at time of audit, they will be deductible in the computation of the inheritance tax. Even if a personal representative should list a claim with the intention of admitting its validity and with the further intention of making payment thereof, such action would not preclude the heirs or other distributees from contesting such a claim, nor would the court be precluded from disallowing the claim if not properly established.

In the instant case, claimants are known to the court to be honest and trustworthy people, and the claim is undoubtedly presented in good faith. Unfortunately, however, they have failed to submit such "definite and precise" proof as is required by law with respect to claims against decedents' estates. While the court regrets exceedingly that the decision in this case may result in an injustice to these particular claimants, the policy of the law is to protect decedents' estates in general and to require strict proof in each case. The proof in the instant case failed to measure up to the required standards. Accordingly, the claim was properly disallowed by the auditing judge. The court therefore enters the following

## Decree

And now, to wit, January 31, 1952, the exceptions to the adjudication nisi in this estate having come on to be heard and considered by the court, it is ordered, adjudged and decreed as follows:

1. The exceptions filed on behalf of Charles Bosacco and Joseph Bove, trading as Charlie and Joe's Barber Shop, to the adjudication nisi entered on February 27, 1951, are hereby dismissed.

2. The adjudication of February 27, 1951, is hereby ratified and confirmed absolutely.

3. The parties shall bear their respective costs.