## Sanders Estate.

Argued March 26, 1952. Before DREW, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Stewart P. McConnel,* for appellant.

*J. Leonard Solomon,* with him *Howard W. Dillan,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, April 22, 1952:

Bessie L. Young, appellant, presented an itemized claim against the estate of Andrew Smiley Sanders, the decedent, for room, board, laundry, nursing and other personal service. It amounted to $5,615.13 and was for the period from September 7, 1945 to December 29, 1949.

An auditor appointed by the orphans' court dismissed the claim; his findings of fact and conclusions of law were approved by the court. In his well considered report he meticulously considered this tangled web of testimony. We will not, therefore, restate the facts. No contract was proven. The claim necessarily rests upon *quantum meruit.* Claimant, a widow, was a lay preacher in a religious denomination. She resided for a period in the church parsonage. With permission of the church board, claimant took decedent into her home as a lodger; decedent cultivated the garden, raised vegetables, mowed the lawn, did odd jobs about the parsonage and drove claimant about in his auto-

mobile when she visited parishioners; during part of this period decedent paid claimant $30 per month and also paid for the use of a garage; at other times decedent paid claimant $30 per week for nursing service. There was also testimony of alleged service of nursing, etc., at other places than in the parsonage.

The auditor dismissed the claim upon the grounds: (1) that the testimony was too vague, indefinite and uncertain to support the claim (2) there is a presumption of payment (3) that there was payment for any service.

In affirming the auditor's report the court below also said: "The mere reading of the details of the itemized claim filed by Mrs. Bessie L. Young against the estate of decedent is sufficient in itself to shock the conscience of the Court. However, when we read the record through and analyze it in all its detail, we find no difficulty in reaching the conclusion that it is made up out of the whole cloth; false in one, false in all."

We also have reviewed the evidence and agree with the learned court below that claimant has failed to establish her claim. A claim against the estate of a decedent for board, nursing, household services, etc., must be as definite and precise as is required to recover a debt in an action at law: *Hirst's Estate,* 274 Pa. 286, 117 A. 682; *Moore Estate,* 349 Pa. 236, 36 A. 2d 812. Claims against decedent's estate, which might have been made against him while living, are subjects of just suspicion and strict proof is required: *Gross's Estate,* 284 Pa. 73, 130 A. 304; *Schwoyer's Estate,* 288 Pa. 541, 136 A. 798; *Bangert v. Provident Trust Company,* 314 Pa. 442, 171 A. 564; *Moore Estate,* supra. There is a presumption of periodic payment of wages for domestic services, board bills, nursing and the like: *Bechdel's Estate,* 344 Pa. 139, 23 A. 2d 859; *Monson Estate,* 160 Pa. Superior Ct. 631, 53 A. 2d 909.

We need not consider cases cited by appellant in support of her argument that an engagement to marry rebuts the presumption of payment, since we affirm the finding of fact by the auditor and the court below that no such engagement existed.

Decree affirmed at cost of appellant.