## Wendt Estate

*Francis J. Morrissey, Jr.,* for accountant and widow.
*Paul Ribner,* for claimant.
*Ralph C. Donohoe,* for Commonwealth.

BOLGER, J., September 16, 1957.—Frank J. Wendt, also known as Francis Joseph Wendt, died January 19, 1955, intestate. He left him surviving as his heirs at law and next of kin his widow, Regina Wendt, and five children, Frank J. Wendt, Jr., Virginia Costa, John J. Wendt, Agnes Dolores Wryn and Anna Marie Cohen. All of the children are of full age. . . .

According to the account, decedent's estate consisted of personalty of the gross value of $1,100, and premises of 454 East Girard Avenue, Philadelphia, of the appraised value of $6,600. The personal estate was entirely consumed in payment of administration expenses, funeral expenses and certain of decedent's debts.

Decedent's widow, Regina Wendt, claimed the family exemption of $750, and on October 11, 1956, duly presented her petition to appoint appraisers of the real estate after notice to the heirs at law. The real estate was appraised at $3,500, clear of encumbrances. No exceptions to the appraisement have been filed.

In her petition the widow stated that she was not a member of decedent's household at the time of his death because "decedent had, among other things, wilfully deserted petitioner and refused to allow her to live with him."

A creditor, Mary Youse, who claims $6,000, filed an answer to the petition for the appointment of appraisers. She admitted the widow's marriage to decedent, but averred that petitioner willfully and maliciously deserted him without reasonable cause and had forfeited her right to the family exemption.

The petition and answer were referred to me as auditing judge for hearing and determination at the audit of the administrator's account . . .

There is no evidence that Mrs. Wendt willfully and maliciously deserted her husband, as alleged in the answer, or that she voluntarily separated herself from him. To the contrary, the evidence shows that decedent, while his wife was sick in the Philadelphia General Hospital, vacated their home on Amber Street and took up his residence with Mrs. Youse. That he lived with Mrs. Youse at various addresses from 1928 until his death in 1955 is undisputed.

It was decedent's duty to provide a home for his wife, and when he failed in that duty, he was guilty of desertion and not Mrs. Wendt. It is well settled that when a husband deserts his wife, there is a constructive family relation, and she is entitled to the exemption: Celenza's Estate, 308 Pa. 186; Auch's Estate, 174 Pa. Superior Ct. 406.

I find that decedent's widow, Regina Wendt, did not desert her husband as alleged, or forfeit her right to the family exemption, and that a constructive family relation between them existed at the time of his death. I so decide and allow her claim.

Decedent's personal estate is insufficient to pay the administration expenses, family exemption and funeral expenses, so that the claims of creditors must be charged upon decedent's real estate or paid out of the proceeds thereof.

Mary Youse has presented a claim for $6,000, evidenced by three judgment notes under seal, one dated

June 5, 1943, for $2,000, another dated September 24, 1947, for $1,000, and another dated April 21, 1951, for $3,000. These notes are in the usual printed form, the terms of each being written in decedent's handwriting. The signature of the maker is admitted to be decedent's signature . . .

As respects the share of the surviving spouse, claims which affect her interest in decedent's real estate must be contracted bona fide and for an adequate and full consideration. So far as concerns personal estate, a husband may do what he pleases with it, and his wife will not be heard to complain: Young's Estate, 202 Pa. 431; Rynier Estate, 347 Pa. 471. He may not, however, make a gift inter vivos chargeable upon his real estate, or payable out of the proceeds thereof, and thereby deprive his widow of her share of dower interest: Cancilla v. Bondy, 353 Pa. 249; Feeser Estate (No. 2), 88 D. & C. 241. It becomes necessary, therefore, to inquire into the consideration for which decedent gave these notes to Mary Youse.

It is not contended that the notes were given to claimant in exchange for $6,000 cash. She claims that the consideration for the notes is composed of (a) decedent's indebtedness to her for taking care of his children, for which he agreed to pay her $25 per week, but did not, and (b) various amounts of money which she loaned him from time to time . . .

It is impossible to determine from the evidence what portion, if any, of the $6,000 consideration represents money loaned. While it is claimed that decedent failed to pay claimant the $25 a week for the care of his children, there is no evidence of when the default occurred or of the number of weeks. In fact the agreement itself was not sufficiently proved, the only evidence thereof being the alleged declarations of decedent himself. Declarations to third parties do not constitute an agreement: Donohoe's Estate, 271 Pa. 554. More-

over, there is a strong presumption in law that bills for board and nursing are paid periodically: Mooney's Estate, 328 Pa. 273.

The testimony offered to prove a full, bona fide consideration of $6,000 was indefinite and uncertain, and does not measure up to the standard required by law. A claim against a decedent's estate must be as definite and precise as is required to recover a debt in an action at law: Sanders Estate, 370 Pa. 208. It is significant that no interest on any of these notes was ever paid, although the first of them was made some 12 years before decedent died, nor was any attempt ever made to enforce payment of them in his lifetime. Having failed to prove by competent eivdence that decedent received a full, bona fide consideration of $6,000, I find that the notes were voluntarily executed and constitute a fraud upon the rights of the widow in decedent's real estate. I so decide. As to decedent's widow, the claim is disallowed.

A different rule of law, however, applies with respect to that portion of decedent's estate which passes to decedent's children. They had no interest in decedent's real estate which restricted alienation, and as to them the claimant was not required to prove an actual consideration of $6,000.

In Pennsylvania sealed instruments have always been recognized as being of especial validity and sanctity. The presence of a seal is not only presumptive evidence of consideration, but actually imports a consideration: Balliet v. Fetter, 314 Pa. 284. Want of consideration is no defense, as this would contradict the terms of the instrument: Piper v. Queeney, 282 Pa. 135. A note in the payee's possession raises the presumption that complete delivery was made, and in the absence of countervailing proof, the requirement of delivery is satisfied not only by the presumption arising from execution, but also from the evidence of

the payee's possession:.Killeen's Estate, 310 Pa. 182.

Since decedent's children had no interest in his real estate he was free to dispose of it as he pleased, and in the absence of fraud claimant was not required to prove full and adequate consideration to bind their shares in decedent's estate. As respects that portion of decedent's estate passing otherwise than to decedent's widow the claim is allowed . . .

And now, September 16, 1957, the account is confirmed nisi.