Consentino, Appellant, *v.* Vittoria.

Argued October 7, 1958. Before Jones, C. J., Bell, Musmanno, Jones and Cohen, JJ.

reargument refused February 11, 1959.

*Myron E. Rowley,* with him *James E. Rowley, Ralph E. Smith,* and *Rowley & Smith,* for appellants.

*Eugene A. Caputo,* for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, January 5, 1959:

This is an appeal from the action of the court below in refusing to remove a compulsory nonsuit entered against the appellants, Palmerino and Carmella Consentino, in an assumpsit action against Frances Vittoria, executrix of the estate of Carmine Pecchio, to recover for nursing and housekeeping services allegedly rendered by Mrs. Consentino to the decedent Pecchio during his lifetime.[1]

---

[1] The amount claimed was $4,550 with interest from March 6, 1954. Appellants also sought compensation from decedent's estate for room and board furnished to decedent's daughter, (the executrix of his estate and present appellee), and her two sons from January 20, 1954 until March 6, 1954 in the amount of $105 with interest. However, the court below quite properly found that appellants "offered no evidence to fix liability for the room and board furnished to decedent's daughter and two sons," and it does not appear that appellants desire to pursue this portion of their claim in the present appeal. Appellee filed a counterclaim against ap-

Carmine Pecchio, a native of Italy, resided in Ambridge, Pa., and had been acquainted with appellants during most of the time that he had been a resident of that community. On May 30, 1952, he went to live with appellants as a roomer, paying them $20 per month as room rent, which he continued to pay up until the time he moved to a new residence. At the time that he went to live with the appellants, Pecchio was unable to work, and was apparently partially crippled with arthritis and was suffering from some type of intestinal disorder. He continued to reside with appellants until March 6, 1954, when the appellee, his daughter, a recent arrival from Italy, took him to other quarters. Pecchio died on July 12, 1954, approximately four months after he had left appellants' home. Appellants' claim is for nursing and other services performed for Pecchio during the period of his residence with them. Appellants made no claim nor demand for payment during decedent's lifetime.

Appellants argue that the facts pleaded in their complaint and established at trial were sufficient to permit a recovery on a quantum meruit basis and that the court below erred in entering a nonsuit. It is also contended that the court improperly refused to admit into evidence certain paragraphs of the complaint.

It is almost axiomatic that on an appeal from the refusal of the court below to take off a compulsory nonsuit "we consider the evidence, and all reasonable inferences therefrom, in the light most favorable to ap-

---

pellants in the amount of $15,423 with interest, which sum had been allegedly turned over to appellants by the decedent during his lifetime. However, counsel for appellee withdrew the counterclaim when the nonsuit was entered, stating quite frankly that "we realize these people did give some service [and] . . . if the compulsory nonsuit is granted we will not proceed with the counterclaim."

pellant." *Gatens v. Vrabel,* 393 Pa. 155, 158, 142 A. 2d 287. However, even when viewed in this most favorable light, and assuming, *arguendo,* that after appellants' failure to prove an express contract, the complaint would support a recovery in quantum meruit, the evidence produced by appellants to prove their claim is not sufficient to warrant a recovery even upon a theory of quantum meruit.

It is evident from an examination of the record, and, in fact, admitted by appellee that Mrs. Consentino did perform numerous compensable services for decedent during the period in question. However, the evidence is woefully inadequate to support appellants' claim.

In this type of case, where a claim for service allegedly rendered to a decedent during his lifetime is not made until after the decedent's death, and no demand was ever made upon him while alive, although there was ample time and opportunity to do so, the claimant has a heavy burden to demonstrate by clear and convincing evidence that payment was not made for the services by the decedent during his lifetime. *Burr Estate,* 381 Pa. 547, 113 A. 2d 712; *Sanders Estate,* 370 Pa. 208, 87 A. 2d 923; *Braden Estate,* 363 Pa. 42, 68 A. 2d 734; *Mooney's Estate,* 328 Pa. 273, 194 A. 893; *Gilbraith's Estate,* 270 Pa. 288, 113 A. 361; *Monson Estate,* 160 Pa. Superior Ct. 631, 53 A. 2d 909. As we stated in *Mooney's Estate,* supra, (p. 274): "Appellant's burden on this appeal is extremely heavy. We have said many times that claims of this nature must be subjected to the closest scrutiny, being objects of just suspicion (Gross's Est., 284 Pa. 73, 75; Reynolds v. Williams, 282 Pa. 148, 150) and must be established by evidence 'clear, precise and indubitable': Copeland's Est., 313 Pa. 25, 29; Rocks v. Sheppard, 302 Pa. 46, 50; See also Calvert v. Eberly, 302 Pa. 152; Goodhart's

Est., 278 Pa. 381. Furthermore, appellant must overcome a presumption that any services rendered were paid for from time to time while they continued: Gross's Est., supra; Flaccus v. Wood, 260 Pa. 161. This presumption 'will gather strength with each succeeding year, and the evidence to overthrow it must of course be correspondingly increased': Gregory v. Com., 121 Pa. 611, 622; Gilbraith's Est., 270 Pa. 288, 291." In *Braden Estate*, supra, (p. 45), in discussing the quality of evidence required to sustain a claim of this nature, we said: "In respect to the contention that the furnishing of a room and of board and care to Lizzie Braden and her acceptance of the same during her lifetime created an implied contract, and that her estate should pay a reasonable amount by way of compensation, and that the complainants should be permitted to recover on a quantum meruit basis, what this Court held in Gilbraith's Estate, 270 Pa. 288, 113 A. 361, in negativing such a claim is apposite here. In that case we said, quoting from the syllabus: 'In claims for board and nursing, the presumption is that the services were actually paid for periodically, exactly as is the rule in the case of servants' wages; and this presumption cannot be overcome by vague and uncertain testimony. Claims against a dead man's estate, which might have been made against him while living, are always the subject of just suspicion, and require clear proof before they will be allowed. . . . Where a claim is made for board and nursing covering a period of years, and it is not shown to have been made while the services were being rendered, nor during a later period when decedent was living elsewhere, nor until after the death of the alleged debtor, the burden of proof to overcome the presumption is greatly increased. *The presumption is not overcome by evidence of loose declarations made by decedent during his lifetime . . . No recovery can*

*be had against a decedent's estate for services rendered in expectation of a legacy.'"* (Emphasis supplied)

In the instant case, appellants relied principally on the testimony of four of the eleven witnesses through whom they attempted to establish their claim. These witnesses testified that decedent stated to them on various occasions that: "I am going to fix her. I am going to make her happy."[2] "He told me that he was going to will the home on Maplewood Avenue to Mrs. Consentino for taking care of [him]";[3] "Don't worry. Carmella will be taken care of";[4] and "He told me that he deducted from his Income Tax $150 for month as expenses paid to Mrs. Consentino, that he gave—wanted to give her the house down on First Street, and Mrs. Consentino did not want it at that time, and told him to wait 'till later."[5] Although the last witness' testimony would tend, in part, at least, to establish rather than rebut payment, the alleged declarations of decedent, considered individually or collectively, are not sufficient to fulfill the requirement of clear and convincing evidence as set forth in the cases cited. See *Braden Estate*, supra; *Mooney's Estate*, supra; *Gilbraith's Estate*, supra; *Monson Estate*, supra. The statement of this Court in *Mooney's Estate*, supra, (pp. 275-276) is most apposite: "To remove the presumption of periodic payment . . . appellant's niece explained that she knew her aunt was not being paid because she had to give her carfare to go to decedent's house, and further that she heard decedent say, 'If I don't get my money and get things straightened up to pay her while I am living, I will certainly leave it to her in my will . . .' Another witness related that decedent had

[2] Testimony of Marietta Gratta, Mr. Consentino's sister.
[3] Testimony of Mrs. Louise Giglio, Mrs. Consentino's sister.
[4] Testimony of Mrs. Eride M. Vincent.
[5] Testimony of Mr. Hugo Pisani.

said, 'She has been so kind to me I will see she is taken care of.' Nothing more conclusive appears in the case. .... The testimony was not nearly sufficient to support the claim. It was indefinite and unsatisfactory. In fact, it fell far short of proving a single essential fact."

Appellants further urge that the court below erred in refusing to admit into evidence certain paragraphs of the complaint which alleged the performance of services by the claimant and non-payment by the decedent, and were not initially denied by the appellee. Assuming that appellants are technically correct in this contention, we do not believe that the admissions would have materially altered the outcome of the suit. Counsel for appellee explained that the averments had not been denied through inadvertence, and sought to amend the answer at trial. We can see no valid reason for determining the rights of the parties to the present controversy on a technicality of pleading when appellants have been unable to substantiate their claim with clear and convincing testimony. The statement of this Court in *Stewart v. Hooks,* 372 Pa. 542, 545, 94 A. 2d 756, is most appropriate in dismissing this contention. "Furthermore, any common sense appraisal of the defendants' position as revealed by all the pleadings leaves no doubt that it was nothing more than an oversight of counsel which occasioned the admission in the original answer. *It would be legal sophistry, reminiscent of an age long past, to determine the rights of litigants on such technicalities of pleading."* (Emphasis supplied)[6]

Order affirmed.

---

[6] Although we do not understand appellants to be arguing that they are entitled to recover upon an express contract, we have noted that in their brief they also object to the exclusion of paragraph six of the complaint because of a failure on the part of appellee

to properly deny it. Paragraph six states: "The said Carmine Pecchio then and there orally agreed to pay the plaintiffs the sum of $20.00 per month for a room and, further to pay them the fair and reasonable value of the nursing and other services rendered to him." What we said in the body of the opinion with regard to a technical admission through counsel's error is applicable with equal force to this contention since the record is completely barren of any testimony that could even remotely establish the existence of an express contract, or in the words of the trial judge ". . . not one scintilla of evidence was introduced by the plaintiffs to establish an oral contract."